## BALDWIN v. BOWLES.
### C. A. 487.

District Court, W. D. South Carolina.

Nov. 16, 1944.

Clarence S. Bowen, of Greenville, S. C., for petitioner.

Charles B. Elliott, Dist. Enforcement Atty., Office of Price Administration, of Columbia, S. C., and Fleming James, Jr., Director, Litigation Division, Office of Price Administration, of Washington, D. C., for respondent.

WYCHE, District Judge.

In this proceeding petitioner seeks an order under the provisions of Section 205 (g) of the Emergency Price Control Act, Section 108(e) of the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix 925 (g), to enjoin the enforcement of a suspension order issued by a Hearing Commissioner of the Office of Price Administration, suspending petitioner from any further dealing in gasoline, or any other

rationed motor fuel, for so long as the same shall be rationed. Defendant moves to dismiss the complaint on the ground that under Section 205(g) of said Act, no judicial review of such suspension order may be had until the petitioner has exhausted the administrative remedies provided by the Administrator's Procedural Regulations.

Section 205(g) is as follows: "The district courts shall have exclusive jurisdiction to enjoin or set aside, in whole or in part, orders for suspension of allocations, and orders denying a stay of such suspension, issued by the Administrator pursuant to section 2(a) (2) of the Act of June 28, 1940, as amended by the Act of May 31, 1941, and title III of the Second War Powers Act, 1942, and under authority conferred upon him pursuant to section 201 (b) of this Act. Any action to enjoin or set aside such order shall be brought within five days after the service thereof. No suspension order shall take effect within five days after it is served, or, if an application for a stay is made to the Administrator within such five-day period, until the expiration of five days after service of an order denying the stay. No interlocutory relief shall be granted against the Administrator under this subsection unless the applicant for such relief shall consent, without prejudice, to the entry of an order enjoining him from violations of the regulation or order involved in the suspension proceedings."

Section 5 of the Administrator's Revised Procedural Regulation No. 4 permits a dealer against whom a suspension order has been issued by a Hearing Commissioner, to appeal to the Hearing Administrator within ten days from the date of such suspension order. Section 5.5 of the same regulation provides for applications to stay the effectiveness of the suspension order pending the outcome of the appeal. The Hearing Administrator is empowered to affirm, reverse or modify the action of the Hearing Commissioner. The petitioner has filed neither a notice of appeal to the Hearing Commissioner, nor an application for a stay, but is seeking the aid of this Court against the Hearing Commissioner's action, without exhausting the administrative review, provided by the foregoing regulations.

■ When Section 205(g) was enacted by Congress, the rule was well-settled that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 463, 82 L.Ed. 638. And, persons subject to suspension orders could obtain judicial review only after the issuance of the final order resulting from the exhaustion of the administrative procedure. The intention of Congress not to disturb this rule was made clear in the report of the Senate Committee on Banking and Currency, Number 922 on S. 1764, which is as follows: "Review of Rationing Suspension Orders. Section 109 of the bill adds a new subsection (g) to Section 205 of the Emergency Price Control Act. *The principal purpose of this amendment is to give statutory sanction to the right of judicial review of rationing suspension orders.* Such a right already exists and has always been acknowledged by the Administrator. * * * Because of the acute public danger involved in the postponement of the effectiveness of suspension orders, the amendment requires prompt resort to the district court for judicial review. *The amendment does not change the ordinary rule of judicial administration requiring exhaustion of administrative remedies before resort to the courts, and no review may be obtained unless resort has been had to all administrative remedies within the Office of Price Administration.* However, if an administrative stay pending exhaustion of such remedies is not accorded, judicial review of such denial of a stay may be had and the court may stay the operation of the suspension order until the administrative process has been completed. Under the amendment, the court may temporarily restrain the effectiveness of the suspension order *after the administrative process has been completed,* pending judicial review. However, no interlocutory relief may be granted in any case unless the applicant for such relief first consents, without prejudice, to the entry of an order enjoining him from violating the Administrator's regulations or orders involved in the suspension proceedings." (P. 15. Emphasis added.)

From such legislative history, I assume that those who drafted the section were familiar with the settled procedure for review of administrative orders, both where it was provided by statute, and where it was obtained by resort to courts of equity,

without express statutory authority, and meant for the words "orders * * * issued by the Administrator" to refer only to final administrative orders entered, after the exhaustion of administrative remedies, and I must, therefore, conclude that the intention of Congress in adding Section 205(g) to the Emergency Price Control Act was to incorporate the previous procedure for judicial review within the provisions of the statute, to stay the effect of a suspension order until judicial review could be had and to restrict such judicial review to United States District Courts. Cf. Helvering v. New York Trust Co., 1934, 292 U.S. 455, 54 S.Ct. 806, 78 L.Ed. 1361; Boston Sand Co. v. United States, 1928, 278 U.S. 41, 49 S.Ct. 52, 73 L.Ed. 170; United States v. N. E. Rosenblum Truck Lines, 1942, 315 U.S. 50, 62 S.Ct. 445, 86 L.Ed. 671; United States v. City and County of San Francisco, 1940, 310 U. S. 16, 60 S.Ct. 749, 84 L.Ed. 1050; United States v. American Trucking Ass'ns, 1940, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345; United States v. Dickerson, 1940, 310 U. S. 554, 60 S.Ct. 1034, 84 L.Ed. 1356.

The language used in Section 205 (g) is similar to the language which appears in other federal regulatory statutes providing for judicial review of administrative orders, and under those statutes it has been uniformly held that only final administrative orders properly before the court after the exhaustion of administrative remedies may be reviewed. United States v. Illinois Cent. R. R. Co., 1917, 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007; Delaware & Hudson Co. v. U. S., 1925, 266 U. S. 438, 45 S.Ct. 153, 69 L.Ed. 369; United States v. Los Angeles & S. L. R. Co., 1927, 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651; Jones v. Securities and Exchange Commission, 2 Cir., 1935, 79 F.2d 617, certiorari denied in part 297 U.S. 705, 56 S.Ct. 497, 4th case, 80 L.Ed. 993; Resources Corporation International v. Securities and Exchange Commission, 7 Cir., 1938, 97 F.2d 788; Federal Power Commission v. Metropolitan Edison Co., 1938, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408.

This construction provides protection for dealers against whom suspension order proceedings are instituted. Under Revised Procedural Regulation No. 4 they may apply for a stay of the order while administrative review is sought, and a final denial of such stay, as well as a final suspension order, may be reviewed in court, while the statute itself delays the effectiveness of either type of final administrative action for five days during which the dealer may file his complaint in court. Petitioner did not avail himself of the remedies for administrative review. The order of the Hearing Commissioner as to which he sought this Court's intervention was not a final order of the Office of Price Administration within the meaning of Section 205(g).

For the foregoing reasons the motion to dismiss will be granted.