738

**EL DORADO OIL WORKS et al. v. UNITED STATES (INTERSTATE COMMERCE COMMISSION, Intervener).**

**Civil Action No. 23619–G.**

District Court, N. D. California, S. D.

March 6, 1945.

W. F. Williamson and Williamson & Wallace, all of San Francisco, Cal., for plaintiff.

Robert L. Pierce, Sp. Asst. to Atty. Gen., and Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., for defendant.

Daniel W. Knowlton, of Washington, D. C., for intervenor Interstate Commerce Commission.

W. S. Hefferan, Jr., Kenneth F. Burgess, and Douglas F. Smith, all of Chicago, Ill., and Allan P. Matthew and Burnham Enersen, both of San Francisco, Cal., for General American Transp. Corporation, intervenor.

J. Carter Fort, of Washington, D.C., Guernsey Orcutt, of Chicago, Ill., C. A. Miller and Charles Clark, both of Washington, D. C., J. E. Hennessey and R. E. Wedekind, both of San Francisco, Cal., R. S. Outlaw, of Chicago, Ill., and Starr Thomas, of San Francisco, Cal., for Alabama Great Southern R. Co. et al., intervenors.

Before WILBUR, Circuit Judge and ST. SURE and GOODMAN, District Judges.

GOODMAN, District Judge.

Plaintiff's bill of complaint, by which this three judge court is asked to annul and vacate a decision of the Interstate Commerce Commission, culminates a long process of litigation.

In 1933, plaintiff, a processor of cocoanut oil, contracted with General American Transportation Corporation, owner of private tank cars, to rent a fixed number of the latter's tank cars at a stipulated monthly sum per car. By the agreement, the tank car company agreed to pay over to plaintiff, the excess, if any, of the mileage income it received from railroad carriers over and above the stipulated monthly rental to be paid to it by plaintiff.

This agreement the tank car company performed until the following year, when the Interstate Commerce Commission, in a proceeding pending before it involving refrigerator cars, ruled payments of this kind to be improper. Use of Privately Owned Refrigerator Cars. 201 I.C.C. 323-378. Thereafter the tank car company refused to make any further such payments to plaintiff. Thereupon the plaintiff filed an action in assumpsit in this court to recover the sum of $18,532.78 alleged to be the amount of the accumulated payments due it. Judgment in favor of the defendant in that case was reversed by the Circuit Court of Appeals. El Dorado Terminal Co. v. General American Tank Car Corporation, 9 Cir., 104 F.2d 903.

The Supreme Court took over the cause on certiorari and reversed the Circuit Court of Appeals (General American Tank Car Corporation v. El Dorado Terminal Co. 308 U.S. 422, 60 S.Ct. 325, 331, 84 L.Ed. 361), holding that the District Court should have stayed proceedings "when it appeared in the course of the litigation that an administrative problem, committed to the Commission, was involved" and "should have stayed its hand pending the Commission's determination of the lawfulness and reasonableness of the practices under the terms of the Act" (i.e. Interstate Commerce Act, 49 U.S.C.A. § 1 et seq.).

In so holding, the Supreme Court followed a like procedure which it earlier

had invoked in Mitchell Coal & Coke Co. v. Pennsylvania R. Co. 230 U.S. 247, 33 S.Ct. 916, 57 L.Ed. 1472.

Thereafter, following a petition filed with the Interstate Commerce Commission by the plaintiff, the Commission instituted and conducted an investigation upon the subject matter of the practice followed by plaintiff and the tank car company pursuant to the agreement between them. After hearings, in which the plaintiff, the tank car company and numerous railroad carriers participated, the Commission made a determination whereby it decided in effect that the car rental paid by the plaintiff to the tank car company represented the plaintiff's only cost in furnishing the tank cars in which its (plaintiff's) shipments moved, and that any allowances, by the tank car company to the plaintiff pursuant to the agreement between them in excess thereof, were unjust and unreasonable and constituted an unlawful preference or rebate to plaintiff as shipper, contrary to the Elkins Act, 49 U.S.C.A. §§ 41–43. After making the finding and determination aforesaid the Commission discontinued the proceeding.

Plaintiff now seeks to have this three judge court vacate and annul the decision of the Interstate Commerce Commission, urging that the same is not supported by the evidence before the Commission. The cause was submitted upon a certified copy of the proceedings before the Interstate Commerce Commission.

Defendant and intervenors urge that the three judge court lacks jurisdiction of the subject matter and that, on the merits, the record supports the finding and decision of the Interstate Commerce Commission.

We do not pass upon the merits of the cause inasmuch as we are of the opinion that this court, as constituted pursuant to the "Urgent Deficiencies Act," 38 Stat. 219, 28 U.S.C.A. §§ 41(28), 43–48, lacks jurisdiction of the subject matter.

By the Urgent Deficiencies Act the jurisdiction conferred on three judge district courts is in "cases brought to enjoin, set aside, annul, or suspend, in whole or in part, any order of the Interstate Commerce Commission." By its finding and determination with respect to the practice here involved, the Interstate Commerce Commission made no decision which required any party to the proceeding before it to do or not to do any specific act. It followed the directions of the Supreme Court (General American Tank Car Corporation v. El Dorado Terminal Co., supra) and determined, under the Interstate Commerce Act, the lawfulness and reasonableness of the practice which had obtained between plaintiff and the tank car company. When this was done, its job was done. It was not required to make any order and made none, and having completed its work, stamped "finis" thereon and discontinued the proceeding. Hence there is no order, in the sense contemplated in the statute, requiring review by this court. United States v. Griffin, 303 U.S. 226, 233, 58 S.Ct. 601, 82 L.Ed. 764; United States v. Illinois Central R. Co. 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007; Delaware & Hudson Co. v. United States 266 U.S. 438, 45 S.Ct. 153, 69 L.Ed. 369; United States v. Los Angeles R. Co. 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651.

Past transactions between plaintiff and defendant constitute the subject matter of the assumpsit action now pending in the District Court. This is not a case of a presently existing practice declared unlawful by the Commission. Consequently there does not arise the right to apply for the equitable or injunctive relief provided by the statute to protect against irreparable damage.

The procedure specified by the Supreme Court in General American Tank Car Corporation v. El Dorado Terminal Co. supra, has been followed. The administrative practice involved has been passed upon by the Interstate Commerce Commission. The parties may now proceed in the assumpsit action. Therein, in our opinion, the court may determine plaintiff's cause and upon tender thereof, any competent defenses thereto.

The action will be dismissed with costs to defendant and intervenors. Counsel for defendant may submit findings of fact and conclusions of law in conformity with Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.