## MOOR *v.* TEXAS & NEW ORLEANS RAILROAD CO.

No. 49. Argued December 10, 1935.—Decided January 13, 1936.

*Messrs. Thornton Hardie* and *Henry E. Hackney,* with whom *Messrs. Garner W. Green* and *Ben R. Howell* were on the brief, for petitioner.

*Mr. Ben C. Dey,* with whom *Messrs. J. H. Tallichet, Maury Kemp,* and *M. Nagle* were on the brief, for respondent.

By leave of Court, briefs of *amici curiae* were filed by *Messrs. Marcellus Green, Garner W. Green,* and *Forrest B. Jackson,* and *Messrs. Ralph W. Malone, George E. Seay,* and *Henry Moore, Jr.,* for reversal of the judgment.

*Solicitor General Reed,* by leave of Court, argued on behalf of the United States, as *amicus curiae,* for affirmance of the judgment. With him on the brief were *Assistant Attorney General Wideman* and *Messrs. Sewall Key, A. H. Feller, J. Paul Jackson, Francis A. LeSourd, Arnold Raum, Charles A. Horsky, Mastin G. White,* and *H. Stewart McDonald, Jr.*

PER CURIAM.

Lee Moor brought this suit on October 23, 1934, for a mandatory injunction to compel the Texas and New Orleans Railroad Company to transport ten bales of cotton from Clint, Texas, to New Orleans. The company had refused to transport the bales because of the lack of the bale tags required by the Cotton Control Act of April 21, 1934 (§§ 10, 14, 48 Stat. 598, 604). Moor contended that the statute was void, as an attempt to regulate the production of cotton contrary to the provisions of the Fifth and Tenth Amendments of the Constitution of the United States. On final hearing, the District Court did not rule upon the constitutional question but denied the injunction and dismissed the complaint upon the ground that it had not been shown that the plaintiff would suffer irreparable injury for which he had no adequate remedy at law. The Circuit Court of Appeals affirmed the decree, 75 F. (2d) 386, and certiorari was granted.

The complaint alleged that the plaintiff was the owner of more than 3500 acres of land in El Paso County, Texas; that the encumbrances and the taxes and charges assessed for water were such as to require that he raise and sell annually 2000 bales of cotton for at least ten cents a pound net, or lose his land through foreclosure proceedings; that his cotton would have no value unless it could be transported to cotton markets; that the Cotton Control Act imposed a tax of fifty per centum of the average central market price per pound of lint cotton and in no event less than five cents per pound; that having ginned about 1000 bales of cotton, and being under the financial necessity of selling them, which was impossible under the statute unless he procured bale tags showing that the cotton was exempt or the tax had been paid, he had sought, under duress, and had obtained tax exemption certificates for 855½ bales, the entire amount to which he was entitled; that he would raise and gin a total of about 2500 bales, each of the average weight of 500 pounds,

during the year 1934, and had already ginned 1833 bales; that he had tendered, without the required tags, ten bales to the Southern Pacific Railroad Company for shipment to New York and ten bales to the defendant for shipment to New Orleans, but shipment had been refused solely by reason of the absence of the tags; that the average central market price of lint cotton was about twelve cents per pound, and, if transported, his cotton would be worth about $60 a bale, and the tax would be about $30 a bale; that if he was not permitted to move his cotton in interstate commerce he would suffer damage to the extent at least of $60,000, but that it would be impossible to determine the amount of damage accurately; that he had no adequate remedy at law and would be required to file a large number of suits based upon the refusal of the railroad companies to accept shipments. The complaint was not verified.

On October 25, 1934, the defendant moved to dismiss the complaint, invoking the provisions of the Act as a valid enactment, and on the same day the defendant answered to the same effect.

The case was tried on October 30 and November 5, 1934. Plaintiff made two "trial amendments" which somewhat amplified the allegations of his complaint. Defendant admitted the truth of substantially all the allegations except those relating to duress in connection with plaintiff's application for exemption certificates and as to the amount of his allotment, those as to future shipments, and those containing legal conclusions as to the invalidity of the Act and the tax which it imposed.

The trial court received evidence. Plaintiff did not appear as a witness. The manager of his farm testified generally as to its cotton production, the market for cotton, and plaintiff's inability to sell or move his cotton without the bale tags; that the average central market price of cotton was about twelve cents a pound, or $60 a bale of 500 pounds; that plaintiff had borrowed $50,000 to finish harvesting his cotton, mortgaging his 855 bales as security

for that loan, which had been liquidated; and that plaintiff's financial condition was such that it was necessary for him to realize on his cotton. Another witness testified as to general market conditions. No testimony was offered for the defendant.

The allegations of the complaint with respect to plaintiff's financial necessities, as a ground for equitable intervention, were of the most general character and the evidence in that relation was general and meagre. There were general statements as to encumbrances and expenses, without any showing of details. Apparently, plaintiff had disposed of the 855 exempt bales and there was no showing that he could not have obtained the money necessary to move the remaining bales. The trial court concluded that plaintiff had failed to make a case for equitable relief and should be left to his legal remedy.

The Circuit Court of Appeals, in affirming the decree, rested its decision upon the established principle that a mandatory injunction is not granted as a matter of right, but is granted or refused in the exercise of a sound judicial discretion. *Morrison* v. *Work*, 266 U. S. 481, 490.

In this view of the record, and of the discretion which the trial court was entitled to exercise, the writ of certiorari was improvidently granted and it is dismissed.

*Writ dismissed.*