### CARLISLE LUMBER CO. v. HOPE et al.
### No. 8159.

Circuit Court of Appeals, Ninth Circuit.
March 31, 1936.

Theodore B. Bruener, of Aberdeen, Wash., and Charles H. Paul, of Longview, Wash., for appellant.

J. Charles Dennis, U. S. Atty., Owen P. Hughes, Asst. U. S. Atty., and E. J. Eagen, all of Seattle, Wash., Clifford D. O'Brien, of Portland, Or., and Bertram Edises, of San Francisco, Cal., for appellee Hope.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

PER CURIAM.

Appellant has applied for an injunction pending appeal in the above-entitled matter. Appellant filed a bill in equity in the District Court of the United States for the Western District of Washington, Northern Division, seeking an injunction against appellee Regional Director of the National Labor Relations Board, and the members of that board, to prevent consideration of a complaint filed before it alleging unfair labor practice, as defined in the National Labor Relations Act (29 U.S. C.A. § 151 et seq.), otherwise known as the Wagner Bill, enacted by Congress July 5, 1935. The trial court dismissed the bill and denied the injunctive relief.

The principal point urged by appellant as a ground for the issuance of an injunction by this court is that it is not engaged in interstate commerce, but that its activities are solely intrastate.

It was conceded on the argument by the appellee that the National Labor Relations Board would have no jurisdiction over intrastate commerce or persons engaged solely therein. The National Labor Act provides for a review of the decision of the Board by the Circuit Court of Appeals, or, in certain cases, by the District Court (section 10 [29 U.S.C.A. § 160]).

We are not persuaded that irreparable injury would result to the appellant from the hearing before the Board where the order of the Board is without force until a hearing before a court and an order of the court based thereon. Therefore, in the exercise of our discretion, we deny the application for temporary injunction without determining either the constitutionality of the act nor the rights of the appellant upon final hearing.