## JAMESTOWN VENEER & PLYWOOD CORPORATION v. BOLAND et al.

### No. 2052.

District Court, W. D. New York.
April 24, 1936.

Rogerson, Clary & Hewes, of Jamestown, N. Y., for plaintiff.

G. L. Patterson, of Detroit, Mich., and Daniel B. Shortal, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

Plaintiff is a domestic corporation. Defendant Boland is a Regional Director of the National Labor Relations Board; defendant Shortal is attorney for the National Labor Relations Board; both in the Third Region (so-called). This suit is for an injunction restraining the defendants from taking certain proceedings under the National Labor Relations Act (49 Stat. 449, S. 1958, approved July 5, 1935 [29 U. S.C.A. §§ 151–166]). A motion is now made for a temporary injunction pending the trial of this suit.

Upon a charge made by certain employees of the plaintiff that the plaintiff was engaging in unfair practices in violation of the National Labor Relations Act, the National Labor Relations Board on November 29, 1935, issued its complaint against the plaintiff, and thereafter and on March 4, 1936, through its Regional Director gave notice to the plaintiff of a hearing to be held upon such complaint by a trial examiner on March 16, 1936. Prior to the last-mentioned date, an application was made to this court for an order to show cause why the defendants should not be restrained from further proceeding upon the complaint aforesaid. Thereupon this order to show cause was issued, and by it the defendants were restrained from proceeding pending the hearing upon the motion for a temporary injunction. On the return of the order to show cause, the defendants moved to dismiss the aforesaid restraining order and for denial of the application for a temporary injunction on several specified grounds. It is deemed necessary to consider only these grounds stated herein, to wit, that the allegations in the bill of complaint are insufficient to show that the plaintiff is threatened and is in danger of suffering great or irreparable or immediate danger, and further that it appears upon the face of the complaint that the plaintiff has a plain and complete remedy under the provisions of the National Labor Relations Act.

As must have been anticipated, many suits in various federal court districts have been brought and applications for injunctive relief sought upon allegations comparable to those in the complaint in suit. Some of such are: Carlisle Lumber Co. v. Charles W. Hope (C.C.A.9th) 83 F.(2d) 92; Beaver Mills etc. v. Madden, No. 60,-507, S.C.Dist. of Columbia; Ohio Custom Garment Co. v. Lind (D.C.S.D.Ohio) 13 F.Supp. 533; Associated Press v. Elinore Morehouse Herrick (D.C.S.D.N.Y.) 13 F. Supp. 897; Heller Bros. Co. v. Lind, Equity No. 60,593, S.C. of Dist. of Columbia; Precision Castings Co., Inc., v. Boland (D. C.W.D.N.Y.) 13 F.Supp. 877; Bradley Lumber Co. of Arkansas et al. v. N. L. R. Board (D.C.E.D.La.)[1]; Chrysler Corp. v. Bowen, Equity No. 7,431 (D.C.E.D. Mich.)[2]; and other cases therewith decided; Bemis Bro. Bag Co. v. Feidelson (D. C.W.D.Tenn.) 13 F.Supp. 153; Bemis Bros. Bag Co. v. Feidelson, No. 7,325 C. C.A. 6th[1]; Brown Shoe Co. Inc. v. Madden et al., Equity No. 60,650, D. of Columbia; A. C. Lawrence Leather Co. v. Madden et al., Equity No. 60,611, Dist. of Colum-

---

[1] No opinion filed.  [2] Oral opinion.

bia; S. Buchsbaum & Co. v. Beman (D.C. N.Ill.) 14 F.Supp. 444, decided April 14, 1936. In each of the above-cited cases temporary injunctions were denied. In Stout v. Pratt (D.C.W.D.Mo.) 12 F.Supp. 864, and Bendix Products Corporation v. L. W. Beman (D.C.N.D.Ill.) 14 F.Supp. 58, and some other cases it has been held that the act is unconstitutional and injunctions have been issued.

■ As a basis for equitable relief, it is alleged that the plaintiff has no adequate remedy at law and that great and irreparable and immediate harm will result through a threatened investigation by the National Labor Relations Board. It seems to me that these allegations are insufficient. At least the application is prematurely made.

The complaint alleges that defendants threaten to intrude into the plant and offices of the plaintiff and to examine plaintiff's books and records, to interview plaintiff's employees, and otherwise interfere with the discharge of plaintiff's business and its relations with its employees, and threaten to issue subpœnas to compel the production of private books, records, and documents of the plaintiff, and threaten to require the attendance as witnesses of plaintiff's representatives and employees to a large number and over a period of many days at large expense. These allegations of threatened injury are general. No action has been taken by the board save the service of a complaint and a notice of a hearing. What the incidents or the necessities of the hearing will be cannot be foretold. After the service of an answer, there is a possibility that the proceedings may be dismissed. The plaintiff cannot be compelled to submit its books and records for examination, nor can its officers be required to testify except after service of a subpœna. Through the refusal to respond to the subpœna, the questions now presented could then be raised.

The National Labor Relations Act lays down the procedure under it. It purports to permit any employee to present charges of alleged unfair practices. The board thereupon serves its complaint upon the person or party against whom it is made, based upon the charges. Such party may file an answer. Testimony is taken upon a hearing upon the issue. The board is required to base its findings of fact upon such testimony. If the board sustains the complaint, it issues a cease and desist order, with directions to the party to take certain affirmative action. This order, as such, is not enforceable by the board, but the board may apply to the Circuit Court of Appeals for its enforcement and for appropriate temporary relief or restraining order. This application is based upon the evidence taken upon the hearing, and the Circuit Court of Appeals has power to grant a decree enforcing, modifying, and enforcing as modified, or setting aside in whole or in part the order of the board. The act further provides that application may be made to the circuit court for leave to adduce additional evidence before the board or its agents. The decision of the circuit court is subject to review by the Supreme Court of the United States. At all times during the pendency of the proceedings, the aggrieved party may reserve and save its right to raise the questions that are raised in this suit. Thus it appears that administrative and statutory machinery is set up purporting to provide relief and remedies for parties coming within the contemplation of the act.

■ The plaintiff does not lose or waive any rights by failing to proceed in anticipation of action by the board. Federal Trade Commission v. Claire Furnace Co. et al., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978; United States v. Illinois Cent. R. Co., 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007; Chamber of Commerce of Minneapolis v. Federal Trade Commission (C.C.A.) 280 F. 45; Sykes et al. v. Jenny Wren Co., 64 App.D.C. 379, 78 F.(2d) 729. There is ample authority for the position that the allegations of the complaint are insufficient to give the right of intervention in equity. Moor v. Texas & N. O. R. Co., 297 U.S. 101, 56 S.Ct. 372, 80 L.Ed. 509, decided January 13, 1936; Hegeman Farms Corporation v. Baldwin, 293 U.S. 163, 55 S.Ct. 7, 79 L.Ed. 259; United States v. Illinois Central R. Co., 244 U.S. 82, 83, 37 S.Ct. 584, 61 L.Ed. 1007; Richmond Hosiery Mills v. Camp (C.C.A.) 74 F.(2d) 200.

■ Whether the act is unconstitutional it is not necessary to decide, since I am of the opinion that the plaintiff has failed to establish a case for equitable intervention at this time. This court has no power to declare an act unconstitutional per se. Its decision in that respect must be based upon

"direct injury suffered or threatened, presenting a justiciable issue." Sparks v. Hart Coal Corporation (C.C.A.) 74 F.(2d) 697, 699.

■ Section 12 of the act (29 U.S.C.A. § 162) provides that: "Any person who shall willfully resist, prevent, impede, or interfere with any member of the Board * * * in the performance of duties * * * shall be punished by a fine of not more than $5,000." It is alleged in the complaint that plaintiff would be liable to this fine in the event of the refusal to permit the intrusion of the defendants or their agents in the business of the plaintiff, and that on account of such penalty the plaintiff cannot prevent the attendance of witnesses upon the hearing before the board. It is conceded by the government and it appears from the language of the act that this provision (section 12) was not intended to and does not apply to interference such as declining to deliver books for inspection or declining to testify upon the hearing. As has been pointed out, the remedy as regards procedure before the board is set forth in other sections. The averments of themselves are insufficient. Buchsbaum & Co. et al. v. Beman, supra. The defendants have no authority to enforce any subpœna or to compel production of any records. The authority in this connection rests with the court in a separate proceeding. Section 12 is not enforceable by the board or these defendants.

■ The National Labor Relations Board Act (49 Stat. 449, 29 U.S.C.A. §§ 151–166) purports to be enacted "to diminish the causes of labor disputes burdening or obstructing interstate and foreign commerce." The plaintiff alleges that it is not engaged in interstate commerce within the meaning of this act and sets out certain alleged facts to show the nature and extent of its business. This allegation in and of itself may be sufficient to raise an issue. It is not sufficient to justify the issuance of a temporary restraining order. The application of the statute in this respect can be determined through statutory procedure provided in the act, and plaintiff has the same rights with respect to raising the question during such proceedings that it has with respect to the other allegations on which the application for restraining order is sought.

The motion for a temporary restraining order must be denied.