**REMINGTON RAND, Inc., v. LIND, Acting Regional Director of National Labor Relations Board, et al.**

No. 2086.

District Court, W. D. New York.

Sept. 12, 1936.

Bond, Schoeneck & King, of Syracuse, N. Y., and Peck, Shaffer & Williams, of Cincinnati, Ohio (Floyd C. Williams, of Cincinnati, Ohio, of counsel), for complainant.

Daniel B. Shortal, of Buffalo, N. Y., and Garnet L. Patterson, of Washington, D. C., for J. Warren Madden, John M. Carmody, and Edwin S. Smith.

KNIGHT, District Judge.

By consent of the representatives of the respective parties, decision upon the questions before this court has been held pending the conclusion of negotiations looking to a settlement to the matters in difference between the respective parties. The court is now advised that such negotiations have been ineffectual.

On July 11, 1936, the National Labor Relations Board issued its complaint against the Remington Rand, Inc., complainant herein, charging such complainant with engaging in certain unfair labor practices, as set forth and defined in the National Labor Relations Act, approved July 5, 1935 (29 U.S.C.A. §§ 151–166). Accompanying such complaint, the Board, through its acting Regional Director, issued a notice of hearing on the complaint to be held on July 21, 1936, at Buffalo, N. Y., to be conducted before the National Labor Relations Board by its trial Examiner. The notice of hearing stated that the complainant herein had the right to file an answer to such complaint on or before July 20, 1936. The complaint and notice aforesaid, subscribed by the Acting Director, purport to be based upon a charge under date of June 16, 1936, and a supplemental charge under date of July 7, 1936, purporting to be made under section 10 (b) of the National Labor Relations Act (29 U.S.C.A. § 160 (b), and signed by Vernon M. Crofoot, purporting to be president of the Remington Rand Joint Protective Board of the District Council Office Equipment Workers.

The Remington Rand, Inc., complainant, subsequent to the issuance of the complaint of the National Labor Relations Board, brought suit in equity in this court seeking to compel the National Labor Relations Board to answer process herein and also for a preliminary injunction restraining the defendants from proceeding under the National Labor Relations Act during the pendency of this suit and for perpetual injunction enjoining the defendants from prosecuting the complaint made by the Board and taking any proceedings thereupon through a hearing before the Examiner of the National Labor Relations Board. The matter now before this court comes on upon the motion based upon the complainant's complaint for an order of this court restraining the National Labor Relations Board from proceeding further against the complainant under and pursuant to provisions of the National Labor Relations Act or in any manner interfering with the complainant in the conduct of its business.

Ralph A. Lind, Acting Director, and Daniel B. Shortal, attorney of the National Labor Relations Board, have been served personally with process and notice of motion in this suit. J. Warren Madden, John M. Carmody, and Edwin S. Smith, members constituting the National Labor Relations Board, have not been personally served with process or notice herein. The said members of the Board, appearing specially, move to quash the subpœna herein duces tecum upon the grounds that none is an inhabitant of the Western District of New York; that none has been served with a subpœna herein or with any other process herein; and that the official residence of each is in the city of Washington, District of Columbia, and outside of the jurisdiction of this court. While the decision of this question of jurisdiction is not determinative of the merits of the question involved, this court has held, and it has been held in other courts, that jurisdiction over the individual members of the National Labor Relations Board is not obtained by

service upon the Regional Director or the attorney for the National Labor Relations Board. Jamestown Veneer & Plywood Corporation v. National Labor Relations Board (D.C.) 13 F.Supp. 405; New England Transp. Co. v. Myers et al. (D.C. Mass.) 15 F.Supp. 807, Sweeney, J., decided March 25, 1936; Cannon Mills v. Feidelson et al.,[1] Middle Dist. N. C., Hayes, J., June 17, 1936 (unreported); Golden Bolt Mfg. Co. v. Feidelson et al.,[1] Middle Dist. N. C., Hayes, J., June 17, 1936. This court adheres to its decision made in the Jamestown Veneer & Plywood Corporation v. National Labor Relations Board Case, supra, and the motion with respect to service of subpœna herein upon members of the National Labor Relations Board is granted.

Defendants Shortal and Lind have made a joint return to the order to show cause and move to dismiss the complaint herein upon several grounds, which, so far as material, are comprehended in the single ground that the complaint does not state a cause of action cognizable in equity.

■ As pointed out, this is a suit in equity. It is a fundamental principle of law that resort to equity cannot be had where there is a complete and adequate remedy at law. The National Labor Relations Act provides for a hearing upon charges of unfair labor practices before a representative of the National Labor Relations Board, with the right in the Board to make such order as the statute provides. The proceedings before the Board or its agent are enforceable only upon a petition and with the approval of the Circuit Court of Appeals (section 10 (c) and (e) of the act, 29 U.S.C.A. § 160 (c, e), and any aggrieved party has the right to appeal for a review of the order made by the Board (section 10 (f) of the act, 29 U.S.C.A. § 160 (f). It is unnecessary now to state restrictions upon such appeal.

The question of the authority of the District Court in an action in equity to restrain proceedings under the National Labor Relations Act has had consideration in numerous cases. In one of the most recent of these, Pratt v. Stout et al., 85 F. (2d) 172, 180, decided by the Circuit Court of Appeals, (Eighth Circuit) August 5, 1936, the court sustained the District Court (12 F.Supp. 864) in granting a temporary injunction restraining the Regional Director and members of the National Labor Relations Board from prosecuting a complaint charging unfair labor practices. In Bendix Products Corporation v. Beman (D.C.) 14 F.Supp. 58 (opinion by Barnes, D. J.) a preliminary injunction was granted.

In this Circuit, in the District Courts and Circuit Court of Appeals, upon statement of facts which are not distinguishable in effect from those in the instant suit, save in one exception, to which reference will later be made, it has uniformly been held that the complainant has a complete and adequate remedy at law. Among the earlier cases on this question decided by this court is Jamestown Veneer & Plywood Corporation v. Boland, 15 F.Supp. 28, 30, in which a suit in equity was brought and in which the allegations are in effect quite similar to those in the complaint herein, and this court said: "As a basis for equitable relief, it is alleged that the plaintiff has no adequate remedy at law and that great and irreparable and immediate harm will result through a threatened investigation by the National Labor Relations Board. It seems to me that these allegations are insufficient. At least the application is prematurely made." And, further, after discussing the provisions of the act, it was said: "At all times during the pendency of the proceedings, the aggrieved party may reserve and save its right to raise the questions that are raised in this suit. Thus it appears that administrative and statutory machinery is set up purporting to provide relief and remedies for parties coming within the contemplation of the act."

In E. I. Dupont De Nemours & Co. v. Boland (C.C.A.2) 85 F.(2d) 12, 15, decided July 13, 1936; Precision Castings Co. v. Boland (C.C.A.2) 85 F.(2d) 15, decided July 13, 1936; and Alexander Smith & Sons Carpet Co. v. Herrick (C.C.A.2) 85 F.(2d) 16, decided July 13, 1936, the specific question of whether the constitutionality of the act could be determined in the District Court in a suit in equity was directly answered in the negative. In each of these cases it was held that "the provisions of the act for the enforcement and review of the cease and desist orders afforded the appellants an adequate, complete, and exclusive remedy." Following this opinion, in National Labor Relations Board v. Associated Press (C.C.A.2) 85 F. (2d) 56, decided July 13, 1936; National

---

[1] No opinion filed.

Labor Relations Board v. Friedman-Harry Marks Clothing Co. (C.C.A.2) 85 F.(2d) 1, decided July 13, 1936, the Circuit Court in this Circuit reviewed the acts of the Board and in the first-mentioned case a cease and desist order was sustained and in the second, denied. The decision of the Circuit Court of Appeals in this Circuit is in accord with those rendered in certain other Circuits. Carlisle Lumber Co. v. Charles W. Hope (C.C.A.9) 83 F.(2d) 92; Heller Bros. Co. v. Lind, Equity No. 60,593, S.C. of Dist. of Columbia; Chrysler Corp. v. Bowen,[1] Equity No. 7431 (D.C.E.D.Mich.); Bemis Bros. Bag Co. v. Feidelson,[1] No. 7325 (C.C.A.6); S. Buchsbaum & Co. v. Beman (D.C.N.D.Ill.) 14 F.Supp. 444; Bradley Lumber Co. v. National Labor Relations Board, 84 F.(2d) 97 (C.C.A.5). This last-mentioned case is now on appeal to the Supreme Court.

█ It is unnecessary to say that this court must follow the opinion of the Circuit Court in this Circuit so long as such opinion remains undisturbed. Of course this rule may not be applicable to cases showing different material facts. In Pratt v. Stout et al., supra, after referring to certain of the above-cited cases in this Circuit and others, it was said: "These cases, we think, do not establish the adequacy of the remedy as applied to every case arising under the act."

In the instant suit the complaint of the National Labor Relations Board is based upon what is termed a charge and a supplemental charge. The so-called charge recites violation of section 10 (b) of the National Labor Relations Act in that the complainant herein engaged in unfair labor practices within the meaning of section 8, subsecs. (1) (2) (3) and (5) of the act, 29 U.S.C.A. § 158 (1–3, 5), in that it did "discriminatorily discharge" certain employees, failed to reinstate them and "did foster, sponsor, dominate and interfere with the formation and administration of a labor organization" and at various times did attempt to bargain individually with certain of its employees. The supplemental charge charges the complainant with engaging in unfair labor practices within the meaning of section 8, subsecs. (1) (2) and (3) of the act in "discriminatorily" discharging certain other employees, and refusing to re-employ them and with fostering the organization of an "Employees Independent Association." The complaint of

the Board alleges the purchase and transportation of materials in interstate commerce and the sale and transportation of manufactured products in interstate commerce. It alleges that "The production, maintenance and machinist departments * * * constitute a unit appropriate for the purposes of collective bargaining * * *;" the designation of the Joint Protective Board as the exclusive representative of a majority of the employees in the aforesaid unit for the purpose of collective bargaining; that the complainant upon request has refused to bargain collectively with such Board; "with respect to basic rates of pay, wages, hours of employment and other conditions of employment; * * *" and that certain employees named in the aforesaid charges were discharged; that complainant declined to reinstate them and has discriminated in regard to the hire and tenure of these employees, discouraging membership in the Joint Protective Board, "did foster, encourage, sponsor, * * * and interfere with the formation * * * of labor organization of its employees," and in certain ways intimidated, coerced, and restrained employees in their employment. The Board complaint further alleges that the pending difference between the plaintiff and its employees did "burden and obstruct * * * commerce among the several states and the free flow thereof; did interfere and continues to interfere with the execution of orders, sale, distribution and shipments of the products of the respondent in interstate commerce." It is further alleged that these disputes "have led and tend to lead to labor disputes, burdening and obstructing such commerce (interstate) and the free flow thereof, and said labor disputes have spread to and tend to spread to and engulf employees engaged in actual shipping and distribution in interstate commerce."

The pertinent allegations of the complaint herein, in substance, are: The intrastate nature of the business of the complainant; the threatened interference and disruption of this business; engagement of complainant's employees solely in local and intrastate commerce; inability to legally resist reception of testimony of employee or third party; threatened damage to complainant and unconstitutionality of the act in its entirety and separately as applied to this complainant. Careful examination has

---

[1] Oral opinion.

been made of the records in the cases heretofore cited as having been decided in this Circuit. Such examination discloses, in the opinion of this court, that every material question raised in this complaint was presented in such cases so cited, saving and excepting, however, the single contention made herein as regards the service of a subpœna upon the so-called trucking company.

■ A considerable portion of the complainant's briefs herein are directed to the question of the constitutionality of the act. Recent decisions of the Supreme Court in Carter v. Carter Coal Co., 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160, May 18, 1936; A. L. A. Schecter Poultry Corporation v. United States, 295 U.S. 495, 532, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947; Swift & Co. v. United States, 196 U.S. 375, 397, 25 S.Ct. 276, 49 L.Ed. 518; and National Labor Relations Board v. Friedman-Harry Marks Clothing Co., Inc. (C.C.A.2d) 85 F. (2d) 1, 2, July 13, 1936; have been cited and discussed at length. It is not necessary to detail what these cases hold. Broadly, it may be said they have held upon particular facts presented that the manufacturer was not engaged in interstate commerce; that the federal government has not the authority to regulate dealings between employers and employees engaged "in the purely local business of manufacture" (National Labor Relations Board v. Friedman-Harry Marks Clothing Co., supra); and that so far as one "manufactures a commodity, his business is purely local. So far as he sells and ships, or contracts to sell and ship, the commodity to customers in another state, he engages in interstate commerce." Carter v. Carter Coal Co., supra. Whether the business of the complainant herein under the facts which may be shown in this case constitutes interstate or intrastate commerce is, under the authority of the Second Circuit Court, a question for the Board in the first instance to determine. That applies not alone to the question of whether these particular employees actually engaged in acts "affecting the flow of commerce," but also the question of whether the complainant while engaged in interstate commerce committed certain other unfair labor practices alleged in the complaint of the Board.

■ An unusual situation is presented in this case. A subpœna duces tecum has been served upon the Universal Carloading & Distributing Company and the New York Central Railroad directing an agent of each to appear for examination before the Examiner and to bring certain books and records pertaining to shipments of Remington Rand, Inc., "showing names and addresses of consignees and consignors, commodity, weight or amount, date of shipments, origin and destination points for the months of March, April and June, 1936, and the month of June, 1935." No subpœna has been served upon the complainant herein to produce similar records. Obviously, this circuitous method in the attempt to show that complainant was engaged in interstate commerce was adopted to prevent the complainant from contesting the right of examining its records. As was said in E. I. Dupont De Nemours & Co. v. Boland, supra: "Appellants' right to contest the examination of records or the compulsion of testimony may be asserted when application is made to enforce a subpœna." See National Labor Relations Act § 11, 29 U.S.C.A. § 161. Irrespective of this unusual procedure, it does not present a ground for dismissal of the proceedings. Section 11 gives the Board the authority to hold hearings and issue subpœnas as a part of the procedure under the act. The validity of this section has been sustained in this Circuit in the cases cited heretofore. It is not to be presumed that the Board will act as in a "fishing expedition." Its investigation should be limited to the discovery of necessary facts. It is not essential to this purpose that inquiry should be made as to names and addresses of consignees. It may be material for the Board to ascertain the nature of shipments and the places from and to which shipments were made. In a letter from the Board to the New York Central Railroad, referring to the material required by the subpœna issued to it, it was said: "A summary of the information requested therein would probably be satisfactory for the purposes of the hearing. The summary should contain the commodity, the weight, the origin and destination (by state) so that it would show the percentage of shipments that originated in and were sent outside of New York State." In the argument before the court herein, counsel for the National Labor Relations Board stated, in substance, that the requirements of the subpœna would be limited as such letter indicated. The same thing should apply to the Universal Carloading & Distributing Company subpœna, and this indicated attitude of the National Labor Relations Board should be followed.

Complainant contends the information sought through these subpœnas is private and confidential and that disclosure would result in irreparable injury. Assuming the validity of the act, the inquiries suggested, within proper limitations, are proper. The act would be practically ineffective without this right. Unless this complainant is found to be engaged in interstate commerce, as that term has been fixed by the decisions of the highest court, any order of the National Labor Relations Board would be ineffective.

In the Dupont Cases, No. 2038 and 2039, 85 F.(2d) 12, in discussing the right to contest the issuance of subpœnas by disobeying them, counsel for the plaintiffs in their brief stated: "This overlooks the realities of the situation. Plaintiffs are corporations. The witnesses to be examined are their officers and employees. They (plaintiffs) cannot compel such officers and employees to resist the subpœnas * * *. When the defendants demand the attendance of such persons as witnesses, even though they are to testify as to plaintiffs' affairs, plaintiffs' hands are tied. They have no way of preserving their rights. The only party who can contest the validity of the subpœna is the witness." The complaint herein includes the same allegations. If that were a correct statement of the law, it would be immaterial whether the subpœna were directed to the corporation or to such third parties as here. In any event, this court has not the right to prevent the holding of a hearing on the sole ground of the issuance of these subpœnas to third parties. Action on the admission of testimony by the Examiner is subject to review of the Board, and restraining order in that connection at this time would be premature. Hegeman Farms Corporation v. Baldwin, 293 U.S. 163, 55 S.Ct. 7, 79 L.Ed. 259; Chamber of Commerce of Minneapolis v. Federal Trade Comm. (C.C.A.) 280 F. 45.

Summarizing, it must be found here that the provisions of the National Labor Relations Act for enforcement and review of the orders of the Board afford an adequate, complete, and exclusive remedy; that the question of the applicability of the act to the complainant herein cannot be determined herein; nor can the constitutionality of the act be decided in this suit.

The application for an injunction is denied, and the motion to dismiss granted.