## SURPASS LEATHER CO. v. WINTERS et al.

### No. 2236.

District Court, W. D. New York.
June 13, 1938.

Maider & Maider, of Gloversville, N. Y., for plaintiff.

Clifford D. O'Brien, of Washington, D. C., and Edward D. Flaherty, of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

Plaintiff brings this suit to restrain the defendants from taking any proceeding upon a complaint now pending before the National Labor Relations Board for alleged violation of the National Labor Relations Act, 29 U.S.C.A. §§ 151–166. Plaintiff now moves for a temporary injunction restraining such proceedings pending the trial of the issue herein. The defendants, Henry J. Winters and John H. Dorsey, appearing specially, move to quash the subpoena upon the grounds that said defendants are not members of the National Labor Relations Board, do not constitute the National Labor Relations Board, that there is no authority at law or in equity for suit against such Board, and none of the members of the National Labor Relations Board were, when the bill was filed, residents of the Western District of New York, and their official residence is in the City of Washington, D. C. In view of the conclusion at which the court arrives as hereinafter stated, it is deemed unnecessary to pass upon such motion. The question was considered by this court in Remington Rand, Inc., v. Lind, Director, et al., 16 F.Supp. 666.

Defendants also move to dismiss the complaint upon the grounds, in effect: That the bill does not state a cause of action, and that there is no equity jurisdiction, since the plaintiff has an adequate remedy at law.

Plaintiff is a corporation organized under the laws of the State of Pennsylvania. During all the times in question herein it was engaged in the business of tanning and processing of leather raw stock at a tannery located in Gloversville, New York. The defendants, Henry J. Winters, John H. Dorsey and John Doe (name fictitious, real name unknown), are alleged to be officers acting under the authority of the National Labor Relations Act and charged with duties respecting the prosecution of inquiries, investigations, for alleged violations of such Act.

On February 7, 1938, a strike took place at plaintiff's tannery. Thereafter and on February 26, 1938, the plaintiff entered into an agreement in writing with the Independent Leather Workers Union of Fulton County (hereinafter named Union), constituted of employees of the plaintiff, by which it was provided that an election, in conformity with the National Labor Relations Act and rules, regulations and decisions of the National Labor Relations Board, be had by secret ballot and conducted under the direction of the Regional Director for the Third District for the purpose of determining "the collective bargaining agency desired by the employees of the employer." The agreement contained various provisions with reference to the method of conduct of the election and the parties agreed to be bound by its result.

It should be noted that prior to February 26, 1938, the Union had filed with the Regional Director a petition to be certified as the exclusive bargaining agency, all as provided by Section 9 of the aforesaid Act, 29 U.S.C.A. § 159. This agreement, together with a letter, written by the President of the Union, in which he stated, in substance, that all charges against the company to that date, saving the status of a single employee, had been withdrawn and that the strike had been settled, were sent to the Regional Director. The election was held on March 10, 1938, under the supervision of a representative of the National Labor Relations Board, and the result showed that 178 out of 184 eligible voters did vote and that 109 voted against the selection of the Union as the representative of the employees for collective bargaining with plaintiff. The certificate of the election by the tellers, composed of a representative of the National Labor Relations Board, the Union and the employer, showing the result of the election was transmitted to the Regional Director of the Third Region. No notice of any action by the Regional Director officially in recognition of such election or showing any action with reference thereto was ever given the plaintiff till April 26, 1938, when the Regional Director advised plaintiff that he had declared the election void upon the ground that the plaintiff had violated the agreement for the election with respect to the "Coercion or persecution directly or by its agents or foreman" and further specifying that the plaintiff had admitted discrimination between Union and non-Union employees. Plaintiff had no knowledge of any complaint having been made with respect to any of these charges. It sought a hearing on the charge made in said letter. This was not given, and thereafter on May 7, 1938, the National Labor Relations Board by telegram advised that it had confirmed the action of the Director.

On May 2, 1938, plaintiff received notice that a complaint had been authorized to be issued and a hearing directed on charges filed by the Union alleging violation of Section 8 (1) (3) of the Act, 29 U.S.C.A. § 158 (1, 3). It appears that on April 27, 1938, a month and a half after the election, the Union upon its application had been authorized to withdraw the application for certification filed prior to the election. On May 11, 1938, plaintiff was advised that the Board had authorized the issuance of a complaint against the plaintiff for the violations of Section 8 (1) (3) (5), 29 U.S.C.A. § 158 (1, 3, 5). Section 8, sub. (5) seems to have been added as an afterthought. Such complaint, now pending, charges violation of Section 8 (1) (3) and (5) of the National Labor Relations Act. The complaint was served on May 11, and a hearing thereon was set for June 9, 1938. Pending decision herein, such hearing has been postponed until June 16, 1938. This hearing and action thereunder is sought to be restrained in this suit.

██ It was not necessary that the court detail the proceedings as hereinbefore. These details are given that the arbitrary methods of the National Labor Relations Board, through its officers, in the instant case may be disclosed and that it may not be repeated. The procedure adopted by the National Labor Relations Board and the Regional Director, in effect, is the same as that condemned in Morgan v.

United States, 58 S.Ct. 773, 82 L.Ed. ——, decided April 25, 1938, when it said (page 776): "The right to a hearing embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet them." No hearing was given the plaintiff on the question of the validity of the election. No official order was ever entered upon the election. The only notice of any action as regards the election received by the plaintiff was the communication by letter of April 26, 1938, from the aforesaid Director stating that he declared the election void. It is significant that on that day, or the following day, a petition was filed by the Union for withdrawal of the certification filed by it prior to the election. For the purposes of this motion, the allegations of the complaint must be taken as true and these show that plaintiff did not receive the fair treatment to which it was entitled under the National Labor Relations Act. Administrative agencies of the government have been vested with great authority and power. The fact demands of them fair dealing and fair consideration as respects all parties. The National Labor Relations Act contemplates this kind of procedure. When subverted to any other, great harm will result.

◼ In spite of the irregularity in the proceedings of the National Labor Relations Board, through its officers, this court is without authority to grant the plaintiff any relief. This is a court of limited jurisdiction. Jurisdiction in respect to complaints for unfair labor practice under the National Labor Relations Act has been expressly placed in the Circuit Court of Appeals by the Act.

◼ The National Labor Relations Act, Chapter 372 (49 Stat. 449), Chapter 7, Title 29, Section 151 et seq., U.S.C., 29 U.S.C.A. § 151 et seq., enacted July 5, 1935, is constitutional. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352. The Act prescribes the procedure where complaint of unfair labor practice by an employer, as defined by the Act, is made. Section 10, 49 Stat. 453, Section 160, U.S.C., 29 U.S.C.A. § 160. The determination of the Board is subject to review by the Circuit Court of Appeals. This procedure and this review constitute the only statutory remedy for any party upon a complaint of unfair labor practice under the Act. All of the charges in the pending complaint come within the provisions of Section 10, supra, and a hearing upon the charge that plaintiff refused to bargain with the Union as a collective bargaining agency will properly include proof of the election had by the employees on March 10, 1938. Certainly proof of the agreement between employer and employees is competent as bearing upon the question as to whether there has been a refusal to bargain. I am not unmindful that the result of the election was never officially approved by the Labor Board. The agreement aforesaid, the election and letter written by the President of the Union are competent to be shown as related to the other charges laid. Refusal to admit these proofs is subject to review by the Circuit Court of Appeals. Plaintiff has a remedy provided by statute. It is an adequate remedy, assuming as we must that a fair hearing is had and a decision made upon the merits.

◼ So far as has been discovered, the instant suit has no exact parallel in the decided cases. It is unusual in its facts and circumstances. The situation is like one where a verdict has been found, and pending the entry of judgment or action on the judgment, another suit embracing the same cause is started. However, there is practical unanimity in the decisions of the court that the District Court is without power to enjoin proceedings before the National Labor Relations Board based on complaints for unfair labor practices. No distinction in principle can be drawn between the instant case and these decisions. This court has had occasion to pass on this question in Jamestown Veneer & Plywood Corp. v. Boland et al., 15 F.Supp. 28; and Remington Rand, Inc., v. Lind, etc., 16 F.Supp. 666. Myers v. Bethlehem Shipbuilding Corp., Ltd., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. ——, decided January 31, 1938, by the Supreme Court, is decisive of the question involved here. There the court, Brandeis, J., speaking, said (page 462): "The District Court is without jurisdiction to enjoin hearings because the power 'to prevent any person from engaging in any unfair practice affecting commerce' has been vested by Congress in the Board and the Circuit Court of Appeals * * *." As said in National Labor Relations Board v. Jones & Laughlin Steel Corp., supra (page 629): "The Board must receive evidence and

make findings. The findings as to the facts are to be conclusive, but only if supported by evidence. The order of the Board is subject to review by the designated, court. * * * Upon that review all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority are open to examination by the court." It is unnecessary to refer to further decisions of the courts upon this question. Many of these are cited in a foot note in Myers v. Bethlehem Shipbuilding Corp., supra.

The motion to dismiss the complaint is granted.