NEW YORK, O. & W. RY. CO. v. UNITED STATES (INTERSTATE COMMERCE COMMISSION, Intervener).

(District Court, S. D. New York. May 31, 1926.)

Commerce ⬡92—Court held without jurisdiction to enjoin Interstate Commerce Commission from proceeding under so-called order practically reopening valuation proceedings; "any order" (Comp. St. § 993).

Judicial Code, § 207 (Comp. St. § 993), giving District Court jurisdiction of suits to enjoin, annul, or suspend "any order" of Interstate Commerce Commission, does not include orders relating to practice or procedure of Commission, and gives court no jurisdiction of suit to enjoin Commission from proceeding under so-called order practically reopening valuation proceedings in respect to items not excepted to by railroad.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Any.]

In Equity. Suit by the New York, Ontario & Western Railway Company against the United States, with the Interstate Commerce Commission as intervening defendant. On motion for preliminary injunction. Petition dismissed.

C. L. Andrus, of New York City, for petitioner.

Blackburn Esterline, Asst. Sol. Gen., of Washington, D. C., for the United States.

P. J. Farrell, of Washington, D. C., and Oliver E. Sweet, of Rapid City, S. D., for Interstate Commerce Commission.

Before ROGERS and HOUGH, Circuit Judges, and BONDY, District Judge.

PER CURIAM. The petitioner's railroad, like the property of other transportation companies, has been valued by the Interstate Commerce Commission, which duly filed the tentative valuation, a document sufficiently described in Delaware & Hudson Co. v. United States, 266 U. S. 438, 45 S. Ct. 153, 69 L. Ed. 369. The value asserted by this document to exist in petitioner's railway is made up of a number of items, to the propriety of several of which items petitioner excepted within the time specified by law, but by silence it acquiesced in and it is said agreed to all the other items which went to make up the aggregate valuation declared by the Commission.

Apparently some three years later, but while the petitioner's objections to tentative valuation were still pending, the Commission, by a document called an order, practically reopened the valuation proceeding in respect of items never objected to or excepted to by petitioner, and by similar order fixed dates for the taking of evidence apparently in support of changes the Commission desired to make in its own findings. Thereupon petitioner brought this proceeding under Judicial Code, § 207 (Comp. St. § 993), giving jurisdiction to a court thus constituted to hear and determine "cases brought to enjoin, set aside, annul, or suspend in whole or in part *any* order of the Interstate Commerce Commission."

The substantial complaint here is that the conduct of the Commission is not only annoying, expensive, and oppressive, but unlawful, in that it erroneously construes that section of the statute which declares that tentative valuations of the property of common carriers shall be *completed* and notice thereof shall be given "by registered letter to the said carrier." And the Commission "shall allow thirty days in which to file a protest of the same with the Commission. If no protest is filed within thirty days said valuation shall become final as of the date thereof."

The hereinabove recited conduct of the Commission practically interprets this statute to mean that, if a carrier files a protest to one item within thirty days, the Commission is at liberty to reconsider all the rest of the items whenever it pleases, and this is said to be unlawful. We are of opinion that this is a serious question, but are compelled to the conclusion that we have no power at present to consider it.

It is quite true that the petitioner here asserts a complete lack of lawful power in the Commission to make the order complained of. But that was exactly the case in United States v. Illinois Central, 244 U. S. 82, 37 S. Ct. 584, 61 L. Ed. 1007. Yet it was there held, on the authority of Procter v. United States, 225 U. S. 282, 32 S. Ct. 761, 56 L. Ed. 1091, that, although the statute

says that suits may be brought to annul, etc., "*any* order of the Interstate Commerce Commission," that does not mean *every* order of the Commission, but only those mandates which compel "the doing or abstaining from doing of acts embraced by a previous affirmative command of the Commission." Therefore orders relating to practice or procedure could not be made the subject of suits like this one.

There has been no affirmative order of the Commission; there is merely a direction that evidence be taken tending to change a previous finding of the Commission itself; non constat that that finding will ever be changed. If it is, another question will arise. All we can say now is that under the cases cited the petitioner cannot presently complain.

Let the petition be dismissed, without costs.