## E. I. DUPONT DE NEMOURS & CO. et al. v. BOLAND et al.

### Nos. 456, 457.

Circuit Court of Appeals, Second Circuit.

July 13, 1936.

Dudley, Stowe & Sawyer, of Buffalo, N. Y. (Joseph G. Dudley, of Buffalo, N. Y., William S. Gregg, C. M. Spargo, and Charles A. Rittenhouse, 3d, all of Wilmington, Del., and Mason O. Damon, of Buffalo, N. Y., of counsel), for appellants.

Charles Fahy, Gen. Counsel, and Robert B. Watts, Associate Gen. Counsel, both of Washington, D. C., and John J. Babe and Philip Levy, both of New York City, for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Appellants seek to restrain appellees under the National Labor Relations Act (July 5, 1935, 49 Stat. 449, 29 U.S.C.A. § 151 et seq.) on a complaint under section 10 (b) of the act, 29 U.S.C.A. § 160 (b), charging that appellants engaged in unfair labor practices and also on a petition for an investigation and certification of employee representatives pursuant to section 9 (c) of the act, 29 U.S.C.A. § 159 (c). Preliminary injunctions were denied and the complaint dismissed in each instance.

The petition served on appellant, for investigation and certification of representatives, pursuant to section 9 (c) of the act, alleged that a certain union represents more than 50 per cent. of the unit of production and maintenance employees of Dupont Rayon Company's manufacturing plant in Buffalo, but that appellant had refused to grant it the exclusive right of employee representation in collective bargaining. The petition followed a request to investigate and certify to the parties the names of the representatives designated by these employees. Suit was brought to enjoin the hearing and threatened enforcement of the act by the appellees on the claim that the act is unconstitutional, that appellees have no power or authority to conduct any investigation, hearing, or proceeding, that the threatened enforcement of the act would cause irreparable injury to appellants, and that they have no adequate remedy at law.

Appellants' second suit is to enjoin proceedings under the act pursuant to a complaint filed against appellants alleging that they are engaged in the production, sale, and distribution of viscose process rayon at the plant in Buffalo, N. Y., in connection with which raw materials and finished products are caused to be transported across state lines, which constitutes a continuous flow of commerce among the states. The complaint charges that section 8 (1) of the National Labor Relations Act, 29 U.S.C.A. § 158 (1), is

violated by putting circulars in employees' pay racks designed to discourage and interfere with the growth, existence, and activities of a local of the United Textile Workers, thereby and in other ways encouraging membership in the Employees' Representative Plan-Works Council. It is claimed that appellants have restrained and coerced their employees in the exercise of rights guaranteed in section 7 of the act, 29 U.S.C.A. § 157, and are guilty of "unfair labor practices."

The National Labor Relations Act sets up a National Labor Relations Board of three persons, appointed by the President, and provides administrative and court procedure for the prevention of unfair labor practices affecting commerce. "Affecting commerce" is defined by section 2 (7), 29 U.S.C.A. § 152 (7). The unfair practices proscribed are specifically set forth in section 8, 29 U.S.C.A. § 158. Section 9 (a), 29 U.S.C.A. § 159 (a), provides that representatives, selected by the majority of the employees in a unit appropriate for purposes of collective bargaining, shall be the exclusive representatives of all the employees in such unit. The administrative machinery for the prevention of listed unfair labor practices is set forth in section 10 of the act, 29 U.S.C.A. § 160, which provides for the service of a formal complaint by the board or its agent, when charges are made, and for an administrative hearing. The board may dismiss the complaint, or if it finds the charges substantiated, may issue a cease and desist order, and may order affirmative action incidental thereto. But such an order of the board is not self-enforcing. For enforcement, recourse is to be had to the Circuit Court of Appeals by the filing of a petition with the findings of fact and the entire record before the board. The court's jurisdiction to enforce, modify, or set aside the board's order is fully described, and by section 10 (e), 29 U.S.C.A. § 160 (e) such jurisdiction "shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to review * * * by the Supreme Court of the United States upon writ of certiorari or certification." Section 10 (f), 29 U.S.C.A. § 160 (f), provides that any person aggrieved by the final order of the board may obtain a review of such order in the appropriate Circuit Court of Appeals by filing a petition therefor. In such case, "The court shall proceed in the same man-

ner as in the case of an application by the Board under subsection (e)."

Section 9 (c), 29 U.S.C.A. § 159 (c), provides that whenever a controversy affecting commerce arises concerning the representation of employees, the board may investigate such controversy and certify to the parties the name or names of the representatives that have been designated. An appropriate hearing on due notice is provided for, whenever a final order of the board as to an unfair labor practice is based on such certification of the fact as to the choice of the employees' representatives and there is a petition under section 10 (e) or (f) for the enforcement or review of such orders. Section 9 (d), 29 U.S.C.A. § 159 (d), directs that the record of the entire investigation of representation shall be included in the transcript of the record filed in the Circuit Court of Appeals.

Section 11 (29 U.S.C.A. § 161) gives the board power to investigate, hold hearings, issue subpœnas, and enforce compliance therewith by application to the District Court. Section 12 (29 U.S.C.A. § 162) makes it a criminal offense for any person willfully to resist or interfere with any member of the board or its agent or agencies in the performance of duties in connection with the act.

The board has regional offices, 21 in number, for the purpose of administration, each under immediate administrative supervision of a Regional Director. Provision is amply made for filing of complaints of unfair labor practices with the Regional Director for the region in which the unfair labor practices are alleged to have occurred. Hearings, ordinarily near the scene, are provided for these complaints and for investigations under section 9 (c), 29 U.S.C.A. § 159 (c).

Equitable jurisdiction must be shown, based on some ground other than a mere claim that the statute is unconstitutional to warrant equitable relief by injunction against the board. Some otherwise irremediable injury resulting or threatened must be shown. See Cavanaugh v. Looney, 248 U.S. 453, 456, 39 S.Ct. 142, 63 L.Ed. 354; Terrace v. Thompson, 263 U.S. 197, 214, 44 S.Ct. 15, 68 L.Ed. 255; Spielman Motor Sales Co., Inc., v. Dodge, 295 U.S. 89, 95, 55 S.Ct. 678, 79 L.Ed. 1322. The question, therefore, is whether appellant has made a proper case for determining

the question of the constitutionality of the act in this suit in equity, or whether it should be obliged to do so before the administrative board and through the subsequent court procedure as provided by the act.

■ The act does not permit or require actual enforcement of the order of the board or imposition of penalties until there has been a full judicial review in the ordinary way, and no extraordinary relief by injunction should be granted merely because a hearing is scheduled and the statute claimed to be unconstitutional. Cf. Chamber of Commerce of Minneapolis v. Federal Trade Commission, 280 F. 45 (C. C.A.8). No final order can be issued even by the board until after full hearing. Such order would be wholly ineffective and inoperative unless and until it is approved and enforcement ordered by the appropriate Circuit Court of Appeals or District Court under section 10 (e), 29 U.S.C.A. § 160 (e). Such procedure may not be enjoined. United States v. Los Angeles, etc., R. Co., 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651. Equity jurisdiction cannot be supported by imputing to the board an intention to exercise its powers in an arbitrary or improper manner. See Continental Baking Co. v. Woodring, 286 U.S. 352, 369, 52 S.Ct. 595, 76 L.Ed. 1155, 81 A.L.R. 1402. Appellants' right to contest the examination of records or the compulsion of testimony may be asserted when application is made to enforce a subpœna. Federal Trade Commission v. Claire Furnace Co., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978; Federal Trade Commission v. Maynard Coal Co., 57 App.D.C. 297, 22 F.(2d) 873.

■ Equity jurisdiction may not be invoked by general allegations of damages. It must be supported by specific facts, properly alleged and describing the injury claimed. Hegeman Farms Corp. v. Baldwin, 293 U.S. 163, 55 S.Ct. 7, 79 L.Ed. 259; Spielman Motor Sales Co., Inc., v. Dodge, supra.

Therefore the provisions of the act for the enforcement and review of the cease and desist orders afforded the appellants an adequate, complete, and exclusive remedy. United States v. Illinois Central R. Co., 291 U.S. 457, 54 S.Ct. 471, 78 L.Ed. 909; White v. Johnson, 282 U.S. 367, 374, 51 S.Ct. 115, 75 L.Ed. 388; United States v. Illinois Central R. Co., 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007;

Sykes v. Jenny Wren Co., 64 App.D.C. 379, 78 F.(2d) 729, certiorari denied 296 U.S. 624, 56 S.Ct. 147, 80 L.Ed. 443.

The decrees are affirmed.