## JOHN J. CASALE, Inc., v. UNITED STATES et al.

### Civil Action No. 337.

District Court, D. Delaware.

Dec. 8, 1943.

Robert H. Richards, Jr. (Richards, Layton & Finger), of Wilmington, Del., and Charles E. Cotterill, of New York City, for plaintiff.

Stewart Lynch, U. S. Atty., of Wilmington, Del., and Robert L. Pierce, Sp. Asst. to Atty. Gen., for the United States.

Daniel W. Knowlton, Chief Counsel, and Nelson Thomas, both of Washington, D. C., for Interstate Commerce Commission.

Before BIGGS and GOODRICH, Circuit Judges, and LEAHY, District Judge, sitting pursuant to the Urgent Deficiencies Act of October 22, 1913, 28 U.S.C.A. § 47.

GOODRICH, Circuit Judge.

The plaintiff, John J. Casale, Inc., hereafter called Casale, invokes the aid of a three judge court under the provisions of the Urgent Deficiencies Act of October 22, 1913, 28 U.S.C.A. § 47. The facts, which have been stipulated by the parties, may be briefly summarized as follows:

In 1936 Casale applied to the Interstate Commerce Commission for a "grandfather" certificate as a contract carrier as provided in the statute, 49 U.S.C.A. §. 309. In the application the plaintiff stated that while it carried some freight under contract its chief business was leasing trucking equipment. In 1939 Casale filed a motion to dismiss its application conditioned upon the Commission's making an entry that its rental business would not be subject to the Motor Carrier Act, 49 U.S.C.A. § 301 et seq. In 1941 a hearing was had before a Commission examiner. Plaintiff's counsel stated on the record that Casale had already abandoned its contract carrier business and was devoting itself entirely to the leasing of trucking equipment. Evidence was offered regarding the details of plaintiff's leasing business. Subsequently, in 1941, the examiner filed a recommended report finding that the plaintiff was engaged only in the rental business and that such business did not constitute carriage subject to the Motor Carrier statute. In 1942 the Commission, upon its own motion, reopened the proceedings. Two further hearings were held before an examiner. In

1006

1943, at the last hearing, the plaintiff's counsel asked for an unconditional dismissal of the application. This motion was denied, first by Division 5 of the Commission and subsequently by the entire Commission.

It is the denial of this motion to dismiss of which the plaintiff complains. It asks that the order of the Interstate Commerce Commission be set aside, that the Commission be enjoined from proceeding further in respect to such application and that an order be entered requiring the Commission to permit withdrawal of the application and granting the motion to dismiss.

Two questions were argued before us. One had to do with whether the denial of the motion to dismiss was proper. Casale urges that it was not, that it has a right to ask for dismissal at any time prior to the final termination of the proceedings and makes a strong argument based upon the majority opinion in Jones v. Securities and Exchange Commission, 1936, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015. In support of its decision, counsel for the Interstate Commerce Commission and the United States point out distinctions between the situation presented here and that in the Jones case. The question is interesting and not without difficulty. We think we do not get to it as this case comes before the Court.

■ The reason we do not get to the question noted above is because we think the plaintiff's appeal for court help is premature. Judicial aid is invoked because of the provision of the Urgent Deficiencies Act cited above. That statute does not say, in so many words, what constitutes, for purposes of judicial review, "any order" made or entered by the Interstate Commerce Commission. But the Supreme Court has, in an illuminating group of decisions, given us guidance in determining under what circumstances judicial review may be called for. The most complete discussion is that found in Rochester Telephone Corp. v. United States, 1939, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147. The Court lists several types of Commission action in which judicial review was denied. Its first is "Where the action sought to be reviewed may have the effect of forbidding or compelling conduct on the part of the person seeking to review it, but only if some further action is taken by the Commission." 307 U.S. at page 129,

59 S.Ct. at page 756, 83 L.Ed. 1147. In such cases, says the Court, "In view of traditional conceptions of federal judicial power, resort to the courts * * * is either premature or wholly beyond their province." 307 U.S. at page 130, 59 S.Ct. at page 757, 83 L.Ed. 1147. Examples cited are orders of the Commission setting a case for hearing despite a challenge to jurisdiction, United States v. Illinois Central R. Co., 1917, 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007; rendering a tentative valuation under the Valuation Act, 49 U.S. C.A. § 19a, Delaware & H. Co. v. United States, 1925, 266 U.S. 438, 45 S.Ct. 153, 69 L.Ed. 369; or even a final valuation thereunder, United States v. Los Angeles & S. L. R. Co., 1927, 273 U.S. 299, 47 S. Ct. 413, 71 L.Ed. 651. While the discussion by the Court in the Rochester case was primarily concerned with clearing up the confusion in the term "negative orders" the classification just recited as one of the instances where court review is unavailable was quite evidently approved as well as decisions cited as instances thereof.

■ We think the instant case falls clearly within the classification just discussed. The case in which Casale began as plaintiff has been heard and the evidence submitted and received. A denial of the motion to dismiss does not call upon the plaintiff for anything more, forbid it to do anything or put it under any burden while the case is in the lap of the Commission. The situation seems to be perfectly described by the language used by the Court in United States v. Los Angeles & S. L. R. Co., supra. "The so-called order here complained of is one which does not command the carrier to do, or refrain from doing, anything; which does not grant or withhold any authority, privilege or license; which does not extend or abridge any power of facility; which does not subject the carrier to any liability, civil or criminal; which does not change the carrier's existing or future status or condition; which does not determine any right or obligation." 273 U.S. at pages 309, 310, 47 S.Ct. at page 414, 71 L.Ed. 651.

Neither the plaintiff nor this Court knows what the order of the Interstate Commerce Commission will be at the conclusion of the consideration of the case before it. If the order accords with what the plaintiff wants, obviously it has not been hurt by the Commission's refusal to

dismiss. If the order goes against the plaintiff's desires and it feels aggrieved thereby, court review is open to it on the merits which will include the question of whether it has a substantive right to have its petition dismissed at its pleasure after hearings have taken place. But, at the present stage of the litigation, we are clear that the plaintiff is not entitled to relief from this Court. The prayer of the petitioner is denied; the defendants may submit a decree.