**WAGNER v. MITCHELL et al.**

Civil Action No. 1869.

District Court, M. D. Pennsylvania.

July 30, 1945.

Frank P. Lenahan and Nelson A. Bryan, both of Wilkes Barre, Pa., and Clement J. Reap, of Honesdale, Pa., for petitioner.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., Joseph M. Friedman, Sp. Asst. to Atty. Gen., and Tobias G. Klinger, Atty., Department of Justice and Lawrence V. Meloy and Charles F. P. Crawley, Attys., United States Civil Service Commission, all of Washington, D. C., for respondents.

WATSON, District Judge.

This is an action commenced against the members of the United States Civil Service Commission seeking a review pursuant to Section 12(c) of the Act of August 2, 1939, as amended July 19, 1940, 54 Stat. 767 et seq., 18 U.S.C.A. § 61l(c), popularly known as the "Hatch Act," of an order of the Commission entered March 8, 1945 denying Wagner's "Motion Challenging Jurisdiction of the United States Civil Service Commission," and asking that said order be modified or set aside. Respondents have moved to dismiss the petition on the ground that the Court lacks jurisdiction thereof.

On February 9, 1945, plaintiff filed a motion with the Commission challenging the jurisdiction of the Civil Service Commission over him. Oral arguments on the question were heard by the Commission's Chief Hearing Examiner on February 16, 1945. On March 8, 1945, the Commission denied the motion and found that elective officials, such as the petitioner, Wagner, were subject to the prohibitions contained in the first sentence of Section 12(a) of the Hatch Act, and that the petitioner's principal employment was such as to subject him to the Act.

It is this order which petitioner, Wagner, seeks to have this Court review, and which, by his petition filed April 4, 1945, pursuant to Section 12(c) of the Hatch Act, he asks this Court to modify or set aside.

The sole issue raised by the instant motion, as the respondent correctly stated, is: "Is the Order of March 8, 1945 entered by the United States Civil Service Commission appealable?"

The Order of the Civil Service Commission merely finds that, subject to the introduction of evidence at such future hear-

ing on whether petitioner's principal employment is in connection with any activity financed in whole or in part with Federal funds, the Civil Service Commission has jurisdiction under the Hatch Political Activities Act to proceed with its investigation and with the hearing on the charges filed against Wagner. It does not determine whether petitioner has violated any section of the Act itself.

A review is sought by petitioner under the authority of subsection (c) of Section 12 of the Act. Subsection (c) provides: "Any party aggrieved by any determination or order of the Commission under subsection (b) may * * * institute proceedings for the review thereof by filing a written petition in the district court of the United States * * *." And subsection (b) to which subsection (c) refers discloses that nowhere in the statute is provision made for appeal from a determination by the Commission that it has jurisdiction. Appeal lies only (1) from determination whether any violation has occurred; or (2) from a determination whether such violation, if any, warrants the removal of the officer or employee; or (3) from an order requiring the appropriate Federal agency to withhold funds from a State or local agency. Therefore, there can be found no statutory grounds for support of petitioner's argument.

However, it has been uniformly held that preliminary and interlocutory orders of administrative bodies are not appealable. In Federal Power Commission v. Metropolitan Edison Co., 1938, 304 U.S. 375, 58 S.Ct. 963, 967, 82 L.Ed. 1408, the Federal Power Commission issued an order fixing a hearing and requiring the respondent corporation to appear and produce certain information and documents, and also an order granting a rehearing of the first order. Respondent, becoming dissatisfied, petitioned and obtained from the Circuit Court of Appeals an order defining the scope of the rehearing and restraining proceedings by the Federal Power Commission under the original order until the questions raised by the petition for rehearing were determined. The question raised by respondents' motion for rehearing was whether they were public utilities within the definition of the Federal Power Act, 16 U.S.C.A. § 791a et seq.

In holding that these interlocutory orders of the Federal Power Commission were not reviewable, and that the Circuit Court of Appeals had no jurisdiction to enter the decree, the Supreme Court, speaking through Chief Justice Hughes, declared: "The argument (of the respondent corporations) proceeds on the view that the order of January 26, 1937, despite its preliminary character, was a reviewable order subject only to the requirement that an application for rehearing should first be made. Reliance is placed on s 313(b) of the Federal Power Act that 'Any party to a proceeding under this Act * * * aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals.' But neither this language, nor that of s 313(a), should be construed as authorizing a review of every order that the Commission may make, albeit of a merely procedural character. Such a construction, affording opportunity for constant delays in the course of the administrative proceeding for the purpose of reviewing mere procedural requirements or interlocutory directions, would do violence to the manifest purpose of the provision."

"There are persuasive analogies in the construction of provisions for the review of the orders of other administrative bodies. The Urgent Deficiencies Act of October 22, 1913 [28 U.S.C.A. § 47], provides for cases brought to enjoin, set aside, or suspend 'any order' of the Interstate Commerce Commission. But this Court has held that 'there are many orders of the Commission which are not judicially reviewable under (this) provision.' See United States v. Los Angeles & Salt Lake R. Co., 273 U.S. 299, 309, 47 S.Ct. 413, 414, 71 L.Ed. 651, and cases cited. In United States v. Illinois Central R. Co., 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007, the Interstate Commerce Commission had made an order for a hearing upon an issue of reparation. The Railroad Company contended that the Commission had no jurisdiction to award damages in the case presented. A decree of the District Court, enjoining the Commission from proceeding with the hearing was reversed by this Court with directions to dismiss the petition. The 'order' was not of the sort which brought it within the purview of the statute. It was a mere step in procedure. See, also, New York, O. & W. Ry. Co. v. United States, 14 F.2d 850, affirmed 273 U.S. 652, 47 S. Ct. 334, 71 L.Ed. 823."

It must be clear that the motion of G. Harold Wagner for an order by this Court

setting aside the order of the Commission should be dismissed and the hearing on the Letter of Charges against G. Harold Wagner as ordered by the Commission should be allowed to proceed.

The motion of Harry B. Mitchell et al. is granted, and the motion of G. Harold Wagner to modify or set aside order of the Commission is hereby dismissed.