Salvatore TERRITO, Charles Territo, and Vincent Territo, a partnership, trading as Territo & Sons
and
Calter Petroleum Co., Inc., a corporation
v.
UNITED STATES of America and Interstate Commerce Commission.
Civ. A. No. 1134–57.

United States District Court
D. New Jersey.
June 5, 1958.

2. United States v. Western Pac. R. Co., supra.

3. Northern Pac. Ry. Co. v. United States, 8 Cir., 213 F.2d 366.

Francis J. Ortman, Washington, D. C., for plaintiffs.

Victor R. Hansen, Asst. Atty. Gen., Chester A. Weidenburner, U. S. Atty., Newark, N. J., James E. Kilday, John H. D. Wigger, Sp. Assts. to Atty. Gen., for defendant U. S.

Robert W. Ginnane, Gen. Counsel, James Y. Piper, Asst. Gen. Counsel, Washington, D. C., for defendant Interstate Commerce Commission.

Before HASTIE, Circuit Judge, and SMITH and MEANEY, District Judges

HASTIE, Circuit Judge.

The facts essential to the disposition of this case are not in dispute. They consist of little more than the procedural history of two matters before the Interstate Commerce Commission.

Acting on its own initiative, the Interstate Commerce Commission, by orders dated October 3, 1956, formally instituted two administrative proceedings. The one, at Docket No. MC–C–2039, was entitled "Territo & Sons, a partnership,— Investigation of Operations". The other, at Docket No. MC–C–2040, was entitled "Calter Petroleum Co., Inc.—Investigation of Operations". These proceedings, the consolidation of which was directed, purported, as appears in the initiating orders, to be issued under authority of Section 204(c) of the Interstate Commerce Act, 49 U.S.C.A. § 304(c), to determine whether Territo and Calter were operating as common carriers without

complying with the Act and, if they should be so operating, to take steps appropriate to stop or correct such illegal activity. Preliminary objections of Territo and Calter challenging the entire procedure resulted in Commission orders overruling the objections and directing that the investigations proceed to hearing.

At that stage of the administrative proceeding Territo and Calter filed this lawsuit asking that a statutory district court be convened and that it enjoin the Commission from carrying out its original and supplementary orders directing that the above described investigations proceed.

Thus, this suit was filed before the Commission had made any factual finding or reached any conclusion concerning the nature or legality of the plaintiffs' activities. These plaintiffs are attempting to establish, in anticipation of the event, that the Commission has no legal power under Section 204 even to investigate their activities. They argue that this section of the Act empowers investigation only of carriers actually operating under certificates of necessity and convenience.[1] It is admitted that Territo and Calter have no certificates. In these circumstances it is urged that this court has authority to inquire, before the investigation occurs, whether an investigation of these carriers is within the jurisdiction of the Commission and, if the plaintiffs' legal position is sustained, to enjoin the Commission from conducting the pending investigation.

We think it clear that the Commission has not yet taken any action or entered any order that this court can review. The Commission has decided nothing and ordered nothing except that an investigation shall be instituted and shall proceed. In this area a three judge district court is a special statutory tribunal empowered to entertain complaints about administrative orders which are dispositive of some matter of substance which has come before the Commission. It has long been held, both in cases involving the Interstate Commerce Commission and in cases of other administrative agencies, that orders which merely direct that a matter proceed to hearing and administrative decision and do not require a party to take or refrain from taking any substantive action are not reviewable. United States v. Illinois Central Ry., 1917, 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007; Federal Power Commission v. Metropolitan Edison Co., 1938, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408; John J Casale, Inc. v. United States, D.C.D.Del. 1943, 52 F.Supp. 1005. And see the rationalization of this position in Rochester Telephone Corp. v. United States, 1939, 307 U.S. 125, 130–131, 59 S.Ct. 754, 83 L.Ed. 1147. But, plaintiffs argue, such a restriction on judicial intervention at a preliminary stage of the administrative proceeding leaves an aggrieved party without remedy from the harassment and any other injury that may be incidental to defending itself in a proceeding that may be both groundless and beyond administrative authority. The answer is twofold. To an extent this burden is inherent in orderly procedure involving tribunals of first instance and reviewing bodies. However, in the extreme case where it clearly appears—and we do not suggest that it does here—that a public agency has acted arbitrarily or without color of authority, the extraordinary writs of mandamus and prohibition are likely to be available in a court which can exercise personal jurisdiction over the wrongdoing officials. But whether such a remedy might be available in some tri-

---

1. Section 204 reads in part as follows:

"(c) Upon * * * its own initiative without complaint, the Commission may investigate whether any motor carrier or broker has failed to comply with any provision of this chapter, or with any requirement established pursuant thereto. If the Commission, after notice and hearing, finds upon any such investigation that the motor carrier or broker has failed to comply with any such provision or requirement, the Commission shall issue an appropriate order to compel the carrier or broker to comply therewith." 49 U.S.C.A. § 304(c).

bunal in the District of Columbia in this type of controversy is beside the point. We have here an attempt to raise in a statutory three judge court in advance of administrative action a question of administrative jurisdiction which such a court is competent to consider only if and after decision shall have gone against the aggrieved parties on the merits in the administrative tribunal. We emphasize that jurisdictional questions like all others can be preserved for review at that time. But the matter is clearly not ripe for judicial intervention now.

Judgment will be entered dismissing the complaint for want of jurisdiction.