DE CAMP BUS LINES, a corporation of the State of New Jersey, Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants,

and

Lakeland Bus Lines, Inc., a corporation of the State of New Jersey, Intervenor.

Civ. A. No. 483–60.

United States District Court D. New Jersey.

July 5, 1960.

337

James F. X. O'Brien, Newark, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Harold A. Weideli, Jr., Asst. U. S. Atty., Rahway, N. J., and James Y. Piper, Asst. Atty. Gen., for I. C. C., for defendants.

William Ryan, Newark, N. J., Thomas J. Brogan, Jersey City, N. J., and Milton E. Diehl, Washington, D. C., of counsel, for intervenor.

Before FORMAN, Circuit Judge, and MEANEY and WORTENDYKE, District Judges.

**338**

WORTENDYKE, District Judge.

This case presents a threshold question respecting the jurisdiction of this Court to review the propriety of a procedural step taken by the Interstate Commerce Commission in entertaining an application for a certificate of public convenience and necessity, applied for by an interstate motor carrier. There is also presented, assuming the existence of jurisdiction in this Court, the further question whether in view of the provisions of Section 205 of the Act, 49 U.S.C.A. § 305(a), the Commission may refer to an Examiner, instead of to a joint board, a two-fold application for a certificate, one aspect of which is the proposed operation between less than three States, and the other aspect of which contemplates its operation of tours throughout more than three States.

The application was made upon a form provided by the Commission and approved by the Bureau of the Budget, entitled "Application for motor carrier certificate or permit". This form is also known as Form BMC 78–(48 CFR 7.78), and has been in use by the Commission for the purpose stated in the caption thereof for several years. On page 1 of this form is set forth the name and address of the applicant and the statement that applicant seeks appropriate authority to institute a new operation as a common carrier by motor vehicle in interstate or foreign commerce over (A) Regular and (B) Irregular routes, in the

transportation of passengers and their baggage and express in the same vehicle with passengers "between (A) Maplewood, New Jersey and New York, New York, as follows: See Appendix 'E' attached (B) Special round-trip operations beginning and ending at points shown in Appendix 'G' and extending to points shown in Appendix 'F'." [1]

The plaintiff in this action is an interstate motor carrier of passengers, operating under the benefits of the "grandfather clause" of the Act since prior to the adoption of the Motor Carrier Act, between points in western Essex County, New Jersey, and New York City in the State of New York, and applicant is, or will become, a competitor of the plaintiff if the application referred to is granted by the Commission.

The applicant has duly applied for leave, and has been granted permission to intervene in this case.

On April 11, 1960, intervenor's application was filed with the Commission and published on April 20, 1960 in the Federal Register, with notice of assignment for hearing on May 23, 1960, before Examiner Dallas B. Russell.

Plaintiff promptly petitioned the Commission for reconsideration of the "hearing order" by which the intervenor's application was referred to an Examiner, upon the ground that such reference was in violation of Section 205(a) of the Act because "The (A) application" sought certification for operation between points

---

1. Appendix "E" attached to the application embodies a route description between Maplewood, New Jersey and New York, New York.

Appendix "G" states as follows: "The regular route portion of this application will be operated daily throughout the year, on a regularly established scheduled basis. The irregular route portions of this application proposed to be furnished the same people in the same area in which regularly scheduled service to New York is herein proposed, will be served on a seasonal basis, suitable to the needs, demands, and requirements of the people, which needs and demands are themselves seasonal in character; operations to the various race tracks

named on the application will be operated only at the times and during the seasons in which these tracks operate. All irregular operations will be special in character and begin in Maplewood, South Orange, East Orange and Newark, New Jersey and shall end in Maplewood, South Orange, East Orange and Newark, New Jersey." ·

Appendix "F" lists eighteen different routes or tours originating and terminating in New Jersey, and extending into or through the States of Florida, New York, Maine, New Hampshire, Vermont, Virginia, Pennsylvania, Connecticut, Massachusetts, Rhode Island, Maryland and Delaware, the District of Columbia, and the Dominion of Canada.

in but two States, and that therefore, such application was required by Section 205(a) to be referred to a joint board instead of to an Examiner. Plaintiff's said petition to the Commission also sought a stay of the noticed hearing before the Examiner, and contended that by such petition for reconsideration the "order" of reference to the Examiner was stayed by the provisions of Section 17(8) of the Act, 49 U.S.C.A. § 17(8). The same petition for reconsideration embodied plaintiff's further contention that the intervenor's application improperly joined two applications in one form as a subterfuge in an attempt to evade the provisions of Section 205(a).

On May 16, 1960, the Commission overruled plaintiff's petition for reconsideration. Plaintiff thereupon petitioned the Commission for reconsideration of the order overruling its last prior petition, and otherwise objected to the conduct of the hearing before the Examiner, but without success. By its order dated May 24, 1960, the Commission denied plaintiff's petitions for reconsideration of the hearing order of reference "for the (stated) reason that, in the absence of direct fraud or deception, as here, the assignment of this application before an Examiner for hearing was proper and in accordance with the applicable statute."

In the present action the complaint, after prayer for the issue of process and the convocation of a three-judge court in accordance with the provisions of 28 U.S.C. § 2284, with allegations of irreparable damage, seeks to enjoin, set aside, annul and suspend the Commission's respective orders of April 15, May 16 and May 24, 1960, and to enjoin the Commission and its Examiner from further action pursuant to those orders, and from continuing the hearing upon the intervenor's application commenced before the Examiner.

Plaintiff's application for preliminary injunctive relief was brought on upon due notice and argued before a three-judge court duly constituted in compliance with the statute, on June 14, 1960. Upon the same hearing argument was also presented on return of the motion of the United States of America and Interstate Commerce Commission to dismiss the complaint for failure to state a claim upon which relief can be granted, and for lack of jurisdiction in this Court to adjudicate the propriety of the orders of the Commission which the plaintiff seeks to invalidate at this time.[2]

The jurisdiction of this Court to review any action of the Interstate Commerce Commission derives from 28 U.S. C. § 1336 and Ch. 157 of the same Title (§§ 2321–2325).

Plaintiff also invokes the provisions of 5 U.S.C.A. § 1009 (The Administrative Procedure Act).[3]

The orders which plaintiff would have this Court review are administrative and procedural. They do not impose an obligation, deny a right, or fix some legal relationship as a consummation of administrative process. Chicago & Southern Air Lines v. Waterman S.S. Corp., 1948, 333 U.S. 103, 68 S.Ct. 431,

**2.** 49 U.S.C.A. § 305(g) provides:

"(g) Any final order made under this chapter shall be subject to the same right of relief in court by any party in interest as is now provided in respect to orders of the Commission made under chapter 1 of this title: Provided, That where the Commission, in respect of any matter arising under this chapter, shall have issued a negative order solely because of a supposed lack of power, any such party in interest may file a bill of complaint with the appropriate District Court of the United States, convened under section 2284 of Title 28, and such court, if it determines that the Commission has such power, may enforce by writ of mandatory injunction the Commission's taking of jurisdiction."

**3.** 5 U.S.C.A. § 1009(c) provides:

"(c) Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action."

92 L.Ed. 568. Until the completion of the proceedings before the Commission there is no justification for judicial intervention. Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; Bustos-Ovalle v. Landon, 9 Cir., 1955, 225 F.2d 878.

It is the contention of the plaintiff in this action that the assignment of the intervenor's application for hearing to an Examiner is in direct violation of 49 U.S.C.A. § 305(a) [4] in that intervenor's proposed operation as a motor carrier involves "not more than three States" and that therefore intervenor's application was required to be referred to a joint board and was precluded from reference to an Examiner. Subdivision (h) of the same section provides that all provisions of Section 17 of Title 49 "shall apply to all proceedings under this chapter (Ch. 8)." [5] It is apparent, therefore, and so conceded by all parties to these proceedings, that the Commission is required by 49 U.S.C.A. § 305(a) to refer an application for a certificate of public convenience and necessity to a joint board when the proposed operations of the applicant involve not more than three States. Under other circumstances, the application may be referred to an Examiner at the option of the Commission.

The preliminary question presented by the motion of the defendants to dismiss, requires an answer to each of the following questions, namely: (1) does intervenor's pending application to the Commission disclose intervenor's proposal to conduct the operations for which it seeks permission in more than three States? and (2) is the Commission's order assigning the application to an Examiner for hearing such an order as this Court may and should review?

The plaintiff does not deny that the form of intervenor's application is that which has been duly adopted and which may properly be used by the Commission for purposes of presenting an application for a certificate of public convenience and necessity. Plaintiff, however, contends that the applicant's inclusion in a single application form of two differing types of proposed operations, referred to therein as (A) Regular and (B) Irregular, is an attempted subterfuge for the purpose of inducing the Commission to refer the application to an Examiner, rather than to a joint board, and that in so referring the entire application to an Examiner, the Commission violated the mandate prescribed by section 305(a) which requires that subdivision (A) of the application be referred to a joint board.

■■ It was conceded upon the oral argument that no specific authorization is to be found, either in the Act or in any of the rules and regulations which the Commission is authorized by the statute to adopt, permitting or preventing the inclusion, in a single application for such certificate, of descriptions of two dif-

---

4. Insofar as pertinent to plaintiff's contentions here, section 305(a) of the Act provides:

"(a) The Commission *shall*, when operations of motor carriers * * * conducted or proposed to be conducted involve not more than three States, and the Commission *may*, in its discretion, when operations of motor carriers * * * conducted or proposed to be conducted involve more than three States, refer to a joint board for appropriate proceedings thereon, * * *: Applications for certificates, * * *." (Emphasis added.)

5. 49 U.S.C.A. § 17(2) provides:

"(2) The Commission may by order direct that any of its work, business, or functions under any provision of law (except matters required to be referred to joint boards by section 305 of this title, and except functions vested in the Commission under this section), * * * be assigned or referred to any division, to an individual Commissioner, or to a board to be composed of three or more eligible employees of the Commission (hereinafter in this section called a 'board') to be designated by such order, for action thereon, and the Commission may by order at any time amend, modify, supplement, or rescind any such assignment or reference. * * *"

·ferent types of proposed service, one involving scheduled regular service between three or fewer States, and the other a non-scheduled seasonal or tour service involving more than three States. Except for the fact that the intervenor has made the type of application with which we are here confronted, we are unable to find, in the documentary evidence submitted, any basis for concluding that the submission of such an application was a subterfuge. While it is equally true that there appears to have been no obstacle in the way of the submission of two applications, each relating to a different type of proposed service, it was represented to the Court, without denial, that a substantial portion of the evidence upon which the applicant would rely in support of each application would be the same. It is further conceded that there is no judicial precedent which affords a complete answer to the questions (a) of the propriety of the submission of an application in the form presently under consideration, or (b) whether an order of reference to an Examiner of an application contemplating service between three or fewer States is so invalid as to entitle an adversely interested party to have such a reference set aside. There is no evidence before the Court at this time that the Examiner to whom the single application has been referred will necessarily decide in favor of the applicant, nor is there any evidence from which we can properly infer that a reference of the application to a joint board would result in a recommendation adverse to the applicant. Indeed, we have not been shown that the ultimate decision of the Commission will probably be adverse to the interests of the plaintiff. It therefore seems inappropriate, if not an unjustifiable invasion by the judicial branch of government into the domain of the executive, for this Court, at this stage of the proceedings, to interfere with the procedural order of the Commission referring the application to an Examiner.

"[A]dministrative orders are not reviewable unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process."

Chicago & Southern Air Lines v. Waterman S.S. Corp., supra, 333 U.S. at page 112, 68 S.Ct. at page 436, citing United States v. Los Angeles & Salt Lake R. Co., 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651; United States v. Illinois Central R. Co., 244 U.S. 82, 37 S.Ct. 584, 61 L.Ed. 1007; and Rochester Telephone Corp. v. United States, 307 U.S. 125, 131, 59 S.Ct. 754, 83 L.Ed. 1147. The administrative order of the Commission, of which the plaintiff here complains, neither (1) imposed an obligation, (2) denied a right, nor (3) fixed some legal relationship as a consummation of the administrative process.

We disagree with plaintiff's contention that our authority to grant the relief here sought is to be found in Frozen Food Express v. United States, 1956, 351 U.S. 40, 76 S.Ct. 569, 100 L.Ed. 910. The "order" of the Commission in that case adjudicated that the commodity in the transportation of which plaintiff motor carrier was engaged, was not an "agricultural" commodity within the meaning of § 203(b) (6) of the Act, 49 U.S.C.A. § 303(b) (6). The Commission of its own accord had instituted an investigation and held a hearing for the purpose of determining the meaning and application of the term "agricultural", as used in the section last cited, to various commodities transported by interstate motor carriers. This hearing was public and evidence was presented thereat by various governmental officials and agencies, producers, shippers and carriers. The Commission embodied its decision in the form of a report and order (52 MCC 511). Among its findings the Commission determined that the commodities transported by the plaintiff Frozen Food Express (which was not a party to the proceedings before the Commission), were non-exempt under § 203 (b) (6) because they were not "agricultural commodities." The Commission's order embodying this determination was completely final in character and expressly stated that it terminated the hearings

out of which it arose. The plaintiff instituted suit before a three-judge District Court under § 2325 of Title 28, to set aside the order. The complaint alleged that the plaintiff was a common carrier by motor vehicle, holding a certificate of public convenience and necessity and that in addition to the commodities authorized to be transported by the certificate, plaintiff was transporting commodities which it contended were agricultural, and therefore, exempt, but which the Commission had ruled were non-exempt. The District Court, 128 F. Supp. 374, felt bound by United States v. Los Angeles & Salt Lake R. Co., 273 U.S. 299, 47 S.Ct. 413, 71 L.Ed. 651, determined that the Commission's order was not judicially reviewable and dismissed the action. On appeal, the Supreme Court distinguished Los Angeles & Salt Lake R. Co., because it concluded that the Commission's determination "that a commodity is not an exempt agricultural product has an immediate and practical impact on carriers who are transporting the commodities, and on shippers as well." [351 U.S. 40, 76 S.Ct. 571.] No action by the Commission could be more final than the order which put an end to respondent's right to continue in the business of handling the particular commodity referred to. In reversing the District Court, the Supreme Court, in effect, treated the Commission's determination as a declaratory judgment because it was final and imposed a sanction directly limiting the rights of the carrier. Whether this Court, in Territo v. United States, 1958, 170 F.Supp. 855, 857, considered Frozen Food, supra, does not appear from the opinion of Circuit Judge Hastie, speaking for the three-judge court sitting in that case. However, he culls from several well-established authorities, including Rochester Telephone Corp., supra, and reenunciates the rule that "orders which merely direct that a matter proceed to hearing and administrative decision and do not require a party to take or refrain from taking any substantive action are not reviewable." We adhere to and follow that principle.

In endeavoring to support its contentions that unless this Court annuls the Commission's order of reference plaintiff will suffer irreparable damage, it suggests the following possibilities, viz., (a) the Examiner may make a recommendation favorable to the applicant; (b) the final order of the Commission may likewise be favorable to the applicant; (c) upon a judicial review of the final order plaintiff may secure a reversal for impropriety in the Commission's order of reference to the Examiner; (d) plaintiff may have to participate in a rehearing before a joint board; (e) the recommendation of that board and the Commission's final order may be adverse to the applicant; and (f) plaintiff may be compelled to again seek judicial review, all at great expense to the plaintiff. This chain of possibilities is indeed "iffy" to use the vernacular. The possibility of error in both administrative and judicial proceedings, and the consequent possibility of expense to litigants in pursuing appellate review, is implicit in and a necessary concomitant of all administrative and judicial litigation. For aught that presently appears before this Court, plaintiff may suffer no more expense than that required to see the application through to the Commission's final order.

The Interstate Commerce Commission was created many years ago by the Congress in the proper exercise of its constitutional jurisdiction over interstate commerce. Although exercising quasi-judicial powers, the Commission is essentially an administrative tribunal. There are two specific doctrines limiting judicial review of Commission action. "One is the primary jurisdiction doctrine, firmly established in Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553. Thereby matters which call for technical knowledge pertaining to transportation must first be passed upon by the Interstate Commerce Commission before a court can be invoked. The other is the doctrine

of administrative finality. Even when resort to courts can be had to review a Commission's order, the range of issues open to review is narrow. Only questions affecting constitutional power, statutory authority and the basic prerequisites of proof can be raised. If these legal tests are satisfied, the Commission's order becomes incontestable. Interstate Commerce Commission v. Illinois Central R. Co., 215 U.S. 452, 470, 30 S.Ct. 155, 160, 54 L.Ed. 280; Interstate Commerce Commission v. Union Pacific R. Co., 222 U.S. 541, 32 S.Ct. 108, 56 L.Ed. 308." Rochester Telephone Corp. v. United States, supra, 307 U.S. at page 139, 59 S.Ct. at page 761.

■ The provision of section 305(a) which plaintiff contends was violated by the Commission's reference of intervenor's application to an Examiner is, in our opinion, directory and procedural. If the criticized action constitutes an irregularity, judicial intervention is justified only upon a showing that it is prejudicial to the person complaining thereof. See Couto v. Shaughnessy, 2 Cir. 1955, 218 F.2d 758, certiorari denied 349 U.S. 952, 75 S.Ct. 879, 99 L.Ed. 1276. There has been no showing of prejudice to the plaintiff in this case, and there could be no such showing in view of the prematurity which characterizes this action. We are of the opinion, therefore, that defendant's motion to dismiss this action for lack of jurisdiction in the Court at this time, and by reason of the prematurity of the suit, should prevail.

Assuming, *arguendo,* that this Court had jurisdiction to grant the relief sought, and that the action were not premature, we would be confronted by the question of whether the character of intervenor's application to the Commission compelled the Commission's reference for hearing to a joint board.

■ Plaintiff contends that Lakeland has filed two applications in the guise of one, and from this would have us infer a subterfuge to avoid the requirements of section 205(a) of the Act. Plaintiff concedes that insofar as the

irregular route aspect of the application is concerned, it is properly referred to the Examiner, but insists that the inclusion of a proposal to operate upon a regular route, between two States only, requires a reference to a joint board of the entire application, or at least of that portion thereof which contemplates a regular two-State route. Another competitor of applicant might, with equal propriety, argue that because the proposed multi-State operation is included with a proposal for a bi-State operation, reference of the entire application should be to an Examiner. There remains the alternative possibility of severance of the two aspects of the pending application and the reference of one aspect to a joint board and the other to an Examiner. We cannot say, upon the present record, that the reference selected by the Commission is not justified by considerations of convenience, economy and expedition, from the Commission's standpoint, or that any rights of the plaintiff are likely to be impaired by the form of reference selected. The statute has not made provision for the presently confronting situation, nor has it been anticipated, expressly or by implication in the Commission's rules. Some discretion must be accorded to the Commission to meet and deal with novel situations, and there has been presented to us no evidence that the reference criticized amounts to an abuse of its discretion. Injunctive interference by the judicial power with procedural acts of a duly constituted administrative branch of government is an extreme and extraordinary remedy. It should not be exercised in the absence of a clear showing of impairment of constitutional or statutory rights and the probability of irreparable damage.

In this case as in American Trucking Associations, Inc. v. United States, 1945, 326 U.S. 77, 82, 65 S.Ct. 1499, 89 L.Ed. 2065, the only source of knowledge for the Commission as to proposed operations was the application. It was necessary, therefore, for the Commission to rely upon the representations in the application in determining their scope for the

purpose of deciding whether it should be referred to a joint board or to an Examiner. The Supreme Court in American Trucking, supra, adverted to and approved the Commission's interpretation of § 205(a) in Argo v. Collier Truck Lines, Common Carrier Application 27 MCC 563, 566, and in Atlantic Coast Line R. Co., Extension of Operation, 30 MCC 490, 491–2. The situation in American Trucking is, of course, different from that in the case here under consideration, because as was further stated by the Court at page 82 of 326 U.S., at page 1501 of 65 S.Ct., the fourteen separate applications for routes involving many more than three States "did not disclose or propose any interchange or unification of the traffic among the respective routes" and therefore "[a]ny one of them, or all except one, might have been refused by the Commission." The Court held that under these circumstances it was proper for the Commission to refer each application to a separate board comprised of a member from each State in which the applicant proposed to conduct operations under that particular application. The application before us seeks a single certificate to cover all of the operations therein described, despite the characterization of the two distinct types of proposed services as subdivision (A) Regular and (B) Irregular. The Commission is called upon either to grant or deny, with or without modification, a certificate authorizing the proposed operations.

The Court is not called upon to exercise superintendence over the procedural steps which an administrative body is directed by the statute to employ. It may only set aside an order of the administrative body which is "of substantial character approaching some degree of finality." United Gas Pipe Line Co. v. Federal Power Commission, 3 Cir., 1953, 206 F.2d 842, 845. The Court will not interfere by passing upon a mere procedural order which does not affect the ultimate rights of the parties in interest. The plaintiff in the present case seeks merely to annul the order of the Commission assigning the application of intervenor to an Examiner for hearing. It does not seek the mandate of this Court that the application be referred to a joint board. Were such relief prayed for it would be equivalent to that appropriate to a petition for a writ of mandamus. This Court is without jurisdiction to compel the Commission to perform a ministerial act. It does not follow that if this Court were to annul the Commission's order of reference to an Examiner and enjoin further hearings before the Examiner, the plaintiff would be assured that intervenor's application would not ultimately prevail. The effect of granting the relief which the plaintiff seeks would merely leave suspended and inactive the performance of the Commission's function invoked by the filing of intervenor's application, thus exposing the intervenor to damage which might be at least as irreparable as that with which plaintiff claims to be threatened by reason of the order of reference which it criticizes.

In any view, whether from the standpoint of jurisdiction or upon the merits, the complaint herein should be dismissed. Let judgment be entered accordingly.